# DECISIONS

OF THE

# Court of Appeals of Kentucky.

## JANUARY TERM, 1902.

CASE 1—ACTION TO SETTLE THE ESTATE OF PLAINTIFF'S INTESTATE.
MARCH 11.

## O'Malley's Admr., &c. v. McLean, &c.

APPEAL FROM JEFFERSON CIRCUIT COURT, CHANCERY DIVISION.

JUDGMENT OF DISTRIBUTION AND O'MALLEY'S ADMINISTRATOR AND
OTHERS APPEAL. REVERSED.

ACTION FOR CAUSING DEATH—DISTRIBUTION OF AMOUNT RECOVERED.

Held: 1. Under Const., section 241, giving a right of action for
the death of a person resulting from any injury inflicted by
negligence or wrongful act, and providing that "the General As-
sembly may provide how the recovery shall go and to whom
belong, and until such provision is made the same shall form
part of the personal estate of the deceased person," the Legis-
lature had power to provide, as it has done by Kentucky Stat-
utes, section 6, that "the amount recovered, less funeral ex-
penses and the cost of administration and such cost about the
recovery, including attorney's fees, as are not included in the
recovery from the defendant, shall be for the benefit of and go
to the kindred of the deceased," naming the order in which they
shall take.

2. Under that statute only the funeral expenses and the cost of re-
covering and administering the particular fund are to be paid
out of the fund before the distribution to the kindred of de-
ceased, all other costs of administration being payable out of
the general estate.

3. Funeral expenses having been paid out of the fund, the kindred
of deceased entitled to the remainder of the fund, are not enti-
tled to be reimbursed out of the general estate.

RICHARDS & RONALD AND J. H. EATON, FOR APPELLANT.

The administrator of Patrick O'Malley deceased, recovered from the Union Cement and Lime Co., under section 6 of the Kentucky Statutes, $1,500, as damages for the death of said O'Malley, out of which he paid: (a) the funeral expenses, (b) the costs of administration of the sum recovered, (c) the costs about said recovery, including counsel fees, and (d) the balance to the widow, no children surviving.

After the termination of said suit and the distribution aforesaid, suit was brought by the heirs at law of decedent to set aside the order probating his will, under which the estate was devised to the widow for life with remainder to the appellee, Michael John McLean, the son of a personal friend. This suit was resisted by the administrator and on the trial the will was sustained, and the judgment has never been appealed from. For services rendered in this will contest the guardian *ad litem* of the appellee, who was then an infant, was allowed $25, and the administrator was allowed the sum of $200 for the services of its counsel.

Thereafter appellant, as administrator aforesaid, brought this suit to settle its accounts. In this action the chancellor held that out of the $1,500, recovered for the death of O'Malley there should be paid not only the items above set out, but also the entire costs incurred in settling the estate, including the fee of the guardian *ad litem* and counsel fees in the will contest, to which ruling and judgment of the court this appeal is prosecuted.

Our contention is that section 6 of the Kentucky Statutes was intended for the purpose of compensating the widow and the family of the deceased for their loss for the death of the husband and father; that it was intended as a protection to the widow and children against the creditor, and not as a protection to the creditor against the widow and children.

We contend that under no circumstances is the fund so derived liable to any of the charges than those enumerated in the statute: (1) Funeral expenses, (2) the costs of the administration of the sum recovered, (3) other costs about the recovery including attorneys' fees.

It is a fundamental rule that in the construction of a statute, the courts will endeavor to ascertain what was the intent of the law making body, and when this intention is ascertained will be governed to a large extent thereby. Endlich on Interpretation, secs. 72, 258, 265, 329; sec. 3, chap. 57; Gen. Statutes (1873); Jordan's Admr. v. Cin. N. O. & T. P. R. R. Co., 89 Ky., 41; Henderson Case, 86 Ky., 389; Debates Con. Convention,

O'Malley's Admr., &c. v. McLean, &c.

vol. 4, pp. 415, 418, 4715, 4718; sec. 241, Kentucky Constitution; Black on Interpretation, secs. 48, 49; Kentucky Statutes, sec. 3868; Rector, &c. of Holy Trinity Church v. U. S. 143, U. S., 457; State, &c. v. Probate Court of Dakota County, 53 N. W. Rep., 463.

N. R. PECKINPAUGH, ATTORNEY FOR CITY OF LOUISVILLE.

In this case the city of Louisville is not interested in the judgment appealed from except in so far as it relates to the allowance by the commissioner in his report of its claim for taxes for the years 1896, 1897 and 1898, $53.94, the exception to which was overruled by the chancellor and in which ruling we contend the chancellor committed no error. But it will be observed that this claim for taxes is charged as a lien upon the real estate and is to be paid out of the proceeds arising from the sale thereof.

OPINION OF THE COURT BY JUDGE BURNAM—REVERSING.

This is an appeal from a judgment of the Jefferson circuit court, construing so much of section 6 of the Kentucky Statutes as relates to the distribution of the proceeds of a judgment recovered in a suit under that section. The facts which gave rise to the litigation are as follows: The will of Patrick O'Malley was duly probated by the county court of Jefferson county on the 21st of August, 1895. Decedent owned at his death a piece of real estate in the city of Louisville worth about $1,500, which he devised to his wife during her life, and at her death to Michael John McLean in fee. The executor named in the will having declined to serve as such, the Louisville Trust Company was appointed administrator with the will annexed, and duly qualified under the appointment. It therefore instituted an action under section 6 of the Kentucky Statutes to recover from the Union Cement and Lime Company damages for the death of its intestate, which it alleged had been caused by the wrongful act of the company. This proceeding resulted in the recovery of $1,500. Out of the recovery, it paid the funeral

expenses, cost of administering the recovery, including an attorney's fee of $150, and the balance to the widow, testator having left no children. After the termination of the damage suit, the heirs at law instituted a suit to set aside the order of the county court, admitting his will to probate. The administrator resisted these proceedings, which resulted in a verdict sustaining the will. Thereafter the appellant, as administrator, instituted this suit to settle its accounts and wind up the estate in its hands. The case was referred to the master commissioner to report the debts due by the estate, who allowed the attorneys of the administrator $200 for their services in the contest proceeding over the will, which, with costs and other debts due by intestate, made the claims against the estate aggregate about $1,184. Numerous exceptions were filed to this report, and the chancellor finally rendered the following judgment: "It appearing to the court from the commissioner's report herein that the plaintiff instituted under section 6 of the Kentucky Statutes an action in the Jefferson circuit court,—No. 9,134,—and styled 'Louisville Trust Company, Adm'r of Patrick O'Malley v. Union Cement and Lime Company,' to recover damages from the defendant for negligently causing the death of said O'Malley; and that there was recovered by the plaintiff in said action the sum of $1,500. It is now ordered by the court that out of said recovery there shall be paid the following claims against the estate of said O'Malley: (1) The funeral expense of said O'Malley, $161.00. (2) Fee allowed Richards, Baskin & Ronald, for legal services rendered the administrator in action No. 8,296, Jas. Burke, etc. v. Louisville Trust Co., Administrator of Patrick O'Malley, said action being a suit to break and set aside the will of said O'Malley, $200.00. (3) Fee allowed J. M. Chatterson, guardian ad litem of Michael John McLean,

in action 8,296, Burke v. Louisville Trust Co., Adm'r., $25.00. (4) The court costs in this action as follows: To John S. Cain; clerk, $1.85; to Henry A. Bell, sheriff, $1.80; to Jno. H. Page, clerk, $11.75; to Louisville Trust Company, commissions, $25.00; to G. A. Winston, commissioner, $35.00; to G. A. Winston, commissioner, for taking depositions, $7.50; to Richards, Baskin & Ronald, plantiff's attorneys, $150.00. Also such costs as may be hereafter incurred." Upon this appeal it is contended for the appellant that this fund was only properly chargeable with the cost of its recovery, including attorney's fees and the funeral expenses, where decedent left no other estate out of which such expenses could be paid. Section 241 of the Constitution is as follows: "Whenever the death of a person shall result from an injury inflicted by the negligence or wrongful act, then, in every such case, damages may be recovered for such death, from the corporation and persons so causing the same. Until otherwise provided by law, the action to recover such damages shall in all cases be prosecuted by the personal representative of the deceased person. The General Assembly may provide how the recovery shall go and to whom belong, and until such provision is made the same shall form part of the personal estate of the deceased person." Under this section of the Constitution, the proceeds of the recovery would be applied, first, to the payment of the debts of the deceased, including cost of administration, and would then go as provided by the general statutes of descent and distribution. But, pursuant to the authority contained in the constitutional provision, the General Assembly saw fit to provide in section 6 that: "The amount recovered, less funeral expenses and the cost of administration and such cost about the recovery, including attorney's fees, as are not included in the recovery from the defendant, shall be

O'Malley's Admr., &c. v. McLean, &c.

for the benefit of and go to the kindred of the deceased, viz.," etc.   We think there can be no doubt that the General Assembly intended that this recovery should go directly to the widow and children of the deceased to compensate for the loss of the earnings of the husband and father, and was never intended as a protection for the creditors of the deceased; otherwise no action on their part would have been necessary.   All of the claims which the chancellor decreed should be paid out of the recovery in the damage suit are by other sections of the statute made preferred claims against the general estate left by the decedent, and the effect of his ruling is to charge the fund which the statute sets apart for the widow with all the preferred claims against the estate of decedent, and to leave his general estate for his creditors.   Black, Interp. Laws, sec. 49, says: "In construing a statute, of whatever class it may be, an interpretation must never be adopted which will defeat the purpose of the act if it will admit of any other reasonable construction."   And End. Interp., St., sec. 329, says:   "No construction is admissible which would sanction an evasion of an act, or defeat the obvious intention of the Legislature." There should have been paid out of the fund of $1,500, recovered under section 6, the cost of administering that particular fund, including attorney's fees, and cost incurred in connection with the prosecution of the suit in which the recovery was made, and funeral expenses.   All other expenses incurred in the administration of decedent's estate should have been paid out of his general estate.   We do not think that the widow is entitled to be reimbursed for funeral expenses out of the general estate.

For reasons indicated, the judgment is reversed, and cause remanded for proceedings consistent with this opinion.