## Archer, et al. v. Bowling, et al.

(Decided October 12, 1915.)

### Appeal from Whitley Circuit Court.

1. Death—Action for Causing—Rights of Decedent's Children—Marriage of Widow.—In an action under Section 4 of the Kentucky Statutes by the widow or children to recover damages for the death of the husband, the action may be brought by the widow alone or by the minor children alone, or by the widow and minor children jointly. If the suit is brought by the widow alone, the recovery will be for the benefit of herself and infant children, and in a suit by the widow alone the infant children, on their motion, should be made parties plaintiff. The marriage of the widow does not affect in any way the right of recovery.

2. Death—Action for Causing—Damages That May Be Recovered—Distribution of.—In actions under this statute the measure of recovery is such a sum as will reasonably compensate the widow and infant children for the loss they sustained in the destruction of the power of the deceased to earn money, and in addition thereto the jury may, as provided in this statute, give vindictive damages. The amount recovered must be distributed, as provided in Section 6 of the Statutes, between the widow and infant children.

3. Death—Pleading—Amendment.—In an action brought within the year by the widow alone, the children have the right to be made parties plaintiff, although their pleading asking to be made parties was not offered until more than one year had expired.

H. B. BROWN, R. L. POPE and P. W. HARDIN for appellants.

H. L. BRYANT, R. S. ROSE and STEPHENS & STEELEY for appellees.

OPINION OF THE COURT BY JUDGE CARROLL.—Reversing.

On August 20, 1911, Lewis Archer was killed by Thomas Bowling. He left surviving him a widow and five infant children, and within the year his widow alone brought suit against Bowling and others implicated in the killing to recover damages for the death of her husband, under section four of the Kentucky Statutes. This section reads:

"The widow and minor child, or either or both of them, of a person killed by the careless, wanton or malicious use of firearms, or by any weapon popularly known as colts, brass knucks, or slung-shots, or other deadly weapon, or sand-bag or any imitation or substitute there-

for, not in self defense, may have an action against the person who committed the killing, and all others aiding or promoting, or any one or more of them; and in such actions the jury may give vindictive damages."

In a trial of this suit there was a verdict in favor of the widow, but on the appeal of the defendants, the judgment was reversed for reasons stated in the opinion, in Bowling v. Archer, 157 Ky., 540. The mandate from this court was filed in the lower court in February, 1914, and in May, 1914, the infant children of Lewis Archer offered a pleading asking to be made parties plaintiff in the suit. In this pleading they adopted the allegations of the petition and amended petition filed by their mother, and stated that since the first trial of the case, and pending the appeal, their mother had married, and they set up that they were proper parties plaintiff in the action and should be permitted to prosecute it in their own behalf and for their own benefit, and they prayed to be made parties plaintiff and to be permitted to prosecute the action with her against the defendant.

The trial court refused to permit this pleading to be filed or to permit these infant children to be made parties plaintiff; and further adjudged that the widow was only entitled to damages "for whatever loss she sustained, if any, from the death of her first husband up until the date of her marriage with James Archer." From the judgment refusing to permit their pleading to be filed, and also from the judgment holding that the widow could only recover damages from the date of the death of her first husband until her second marriage, this appeal is prosecuted.

Martin v. Smith, 110 S. W., 413, was a case in which a suit under section four of the statutes had been brought by the widow alone, and it appears from the opinion that the widow, after bringing the suit, moved the court to dismiss it. Pending this motion, the infant children of the widow and her deceased husband came into court and asked that they be made parties plaintiff and be permitted to prosecute the action in the name of their next friend. The court overruled the motion of the infant children to prosecute the action in the name of their next friend, and, granting the request of the widow, dismissed the action brought by her. From this ruling the infant children appealed. In the course of the opinion the court said:

"Under the statute the action may be brought by the widow and minor child, or children, jointly, or by the widow alone, or by the minor child or children alone, or, if there be neither widow, child, nor children, by the personal representative of the intestate. If the action be brought by the widow alone, the minor child or children appearing by their guardian or next friend have the right to be made parties plaintiff. The widow cannot control the action so as to defeat a recovery by the minor child or children. She may, of course, dismiss it in so far as she is concerned, but the dismissal as to her will not be permitted to interfere with its prosecution by the child or children if they are parties to it; nor will it bar an action instituted by them within the proper time. The statute was designed to benefit the children as well as the widow; the recovery, if any, being for their joint benefit."

Adopting this construction of the statute, we are of the opinion that the court erred in refusing to permit the infant children to join as parties plaintiff in the suit with their mother. The suit, although brought by her alone, was for the benefit of herself and her infant children. All of them were severally and jointly interested in the recovery and entitled to the benefit thereof.

The fact that the widow married during the pendency of the suit, did not affect her right of recovery or that of the children. The case should be heard and disposed of without reference to her marriage, as the fact of her marriage did not have the effect of diminishing the amount that might have been recovered by her if she had remained unmarried, or affect the amount that she and her children as joint plaintiffs might be entitled to recover. Georgia R. R. Co. v. Garr, 57 Ga., 277, 24 A. R., 492; Davis v. Guarnieii, 45 Ohio St., 470, 4 A. S. R., 548.

In actions like this the distribution of the recovery is fixed by section six of the statute providing, in part: "Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then in every such case, damages may be recovered for such death from the person or persons, company or companies, corporation or corporations, their agents or servants causing the same. * * * The amount recovered, less funeral expenses and the cost of administration, and such costs about the recovery, including attorney fees, as are not included in the recovery from defendant, shall be for the benefit of and go to the kindred of the deceased

in the following order:    *    *    *    If the deceased leaves either a widow and children or a husband and children, then one-half to such widow or husband and the other one-half to the children of the deceased."

So that under this statute, in a case such as we have, the widow would be entitled to one-half of the amount recovered and the children to the other one-half; and the measure of damages is such a sum as will reasonably compensate the widow and children for the loss they sustained in the destruction of the power of the deceased to earn money, and, in addition thereto, the jury may, as provided in the statutes, give vindictive damages.

The question is raised by counsel for appellee that the right of the infant children to come into the case was barred by the one year statute of limitation. This assertion, however, is not well founded. The action by the widow was brought within a year after the death of her husband and the pleadings of the infant children asking that they be made parties plaintiff to the action did not change the nature of the suit brought by her. The only purpose of the tendered pleading was to make new parties plaintiff to the action, and the court erred in not permitting the pleading to be filed.

Wherefore, the judgment is reversed, with directions to proceed in conformity with this opinion.