## Dora Cash Napier's Administrator, etc. v. W. G. Napier's Administrator, etc.

(Decided June 19, 1925.)

### Appeal from Bourbon Circuit Court.

Death—Administrator of Wife, Deserting Husband and Living in Adultery, Held Entitled to Damages for Death of Husband.— Recovery for death under Ky. Stats., section 6, goes directly to persons named therein, and forms no part of decedent's estate, and although wife had deserted husband and was living in adultery with another at time of his death, regardless of section 2133, forfeiting right of spouse in other spouse's estate for desertion and living in adultery, administrator of wife who sur-

vived husband was entitled to recover from husband's admin-
istrator amount which he recovered for death of husband in
railroad accident.

PURYEAR & CLAY and EMMETT PURYEAR for appellant.

TALBOTT & WHITLEY and VIRGIL CHAPMAN for appellee.

OPINION OF THE COURT BY COMMISSIONER HOBSON—
Reversing.

W. G. Napier and Dora Cash were married in Lin-
coln county, Kentucky, in 1901. They lived together for
a short time. They then separated and lived separately
and apart from each other thereafter, but were never di-
vorced. In March, 1921, W. G. Napier was killed at a
railroad crossing by a railroad train. An action was
filed by his administrator against the railroad company
to recover for his death and judgment was recovered
against the railroad company for $7,500.00, which was
paid. While the action was pending Dora Cash Napier
died. Her administrator brought this suit against her
husband's administrator to recover the amount collected
from the railroad company. The judgment was rendered
under section 6 of the Kentucky Statutes, which provides
that the amount recovered, less funeral expenses and
cost of administration and costs of recovery, shall be for
the benefit of and go to the kindred of the deceased in the
following order:

"1. If the deceased leaves a widow or husband,
and no children or their descendants, then the whole
to such widow or husband.

"2. If the deceased leaves either a widow and
children or a husband and children, then one-half to
such widow or husband and the other one-half to the
children of the deceased.

"3. If the deceased leaves a child or children,
but no widow or husband, then the whole to such
child or children. If the deceased leaves no widow,
husband or child, then such recovery shall pass to
the mother and father of deceased, one moiety to
each, if both be living; if the mother be dead and the
father be living the whole thereof shall pass to the
father; and if the father be dead and the mother
living, the whole thereof shall go to the mother; and
if both father and mother be dead, then the whole of
the recovery shall become a part of the personal es-

tate of the deceased; and after the payments of his debts, the remainder, if any, shall pass to his kindred more remote than those above named, as is directed by the general law of descent and distribution.''

The husband's administrator denies the rights of the wife's administrator and relies on section 2133, Kentucky Statutes, which is as follows:

''If the wife voluntarily leave her husband and live in adultery, or if the husband voluntarily leave his wife and live in adultery, the party so offending shall forfeit all right and interest in and to the property and estate of the other, unless they afterward become reconciled and live together as husband and wife.''

The defendant showed by clear proof that the wife had voluntarily left her husband and lived in adultery and that they had never become reconciled or lived together as husband and wife afterwards. They had no children. Their fathers and mothers were dead, so the controversy here is in effect a controversy between her brothers and sisters and his brothers and sisters as to who was entitled to the money. The circuit court gave judgment in favor of the defendant. The wife's administrator appeals.

It is well settled that a recovery under section 6 of the Kentucky Statutes goes directly to the persons named therein and that the fund is not a part of the husband's estate. He had no interest in it while he lived and his estate took no interest in it at his death. O'Malley v. McLean, 113 Ky. 1; City of Louisville v. Hart, 143 Ky. 171; Archer v. Bowling, 166 Ky. 139; Harris v. Rex Coal Co., 177 Ky. 630; Dishon v. Dishon, 187 Ky. 497; Robinson v. Robinson, 188 Ky. 49. The fund in question not being the property of the husband and not being in any sense his estate, section 2133 has no application and the rights of the plaintiff are controlled by section 6, Kentucky Statutes. The parties had not been divorced. Though she had sinned grievously she was his widow and the court is not at liberty to write into the statute an exception it does not contain. The only function of the court is to construe the words of the statute, and, where the words are plain, to enforce the statute as it is written. If a remedy is needed the legislature must supply it.

A similar case was before this court in Bradley v. Bradley's Admr., 178 Ky. 239. There an insurance policy had been taken out upon the life of the husband and made payable to the wife. They separated; there as here she lived in adultery and she and her husband were never reconciled. Then the husband died and the wife claimed the proceeds of the policy. Directing a judgment in favor of the wife the court said:

"It is true that the right of a beneficiary, under the policy, to receive its proceeds upon the death of the insured, was a property right, which Cora received by and through her deceased husband, by reason of their marriage, and probably in consideration of it, and if the policy was procured by the insured there can be no doubt that, if a divorce had been granted to the parties, Cora would have lost her right to the proceeds of the policy, under the statute, which provides for a restitution of property received by either the husband or wife through or from the other by reason of their marriage relation, but no divorce ever having been granted, the provision of the statute, section 2133, *supra*, would not affect her property right as a beneficiary under the policy, since that statute does not provide that property received by a husband or wife by or through the other, by reason of their marriage relation shall, in the event of one or the other offending by acts of adultery, be restored to the other party."

The same principle must be applied here.

Judgment reversed and cause remanded for a judgment as above indicated.