## Jackson's Administratrix, et al. v. Alexiou.

(Decided February 14, 1928.)

## Appeal from Boyd Circuit Court.

1.  Adoption.—Right of adoptive parents to inherit from adopted child is controlled by Ky. Stats., Supp. 1926, section 2072, under which adoptive parents can inherit only such property as is owned by child at time of his death, excluding any such as it may have inherited from its blood relations.

2.  Adoption.—Amount that may be recovered under Ky. Stats., sec. 6, for negligent death of an adopted child cannot be said to have been "property owned by such child," within provisions of section 2072, Ky. Stats., Supp. 1926, so as to make it property that may be inherited by adoptive parents.

3.  Death.—Ky. Stats., Supp. 1926, sec. 2072, regulating right of adoptive parents to inherit from adopted child, does not repeal, either expressly or by implication, Ky. Stats., sec. 6, relating to right of action for death resulting from negligence, since section 2072 permits only property owned by adopted child at time of his death to be inherited by adoptive parents.

4.  Death.—Where child's mother had died and child had been adopted, father was entitled to recovery of damages for negligent'

death of child under Ky. Stats., sec. 6, as against adoptive parents, since words "father" and "mother" as used in statute were intended to refer to natural father and mother of a person.

5.  Death.—Where father of deceased child was properly permitted to qualify as child's personal representative, settlement made with defendant by father while acting in that capacity, he not only having rightfully been appointed as personal representative of deceased, but being also beneficiary of recovery under Ky. Stats., section 6, was conclusive, and was bar to adoptive parent's action for same negligence alleged to have caused child's death; adoptive parent not having right to recovery under Ky. Stats., Supp. 1926, section 2072.

WILSON & ROBINSON and JOHN W. WOODS for appellants.

DYSARD & MILLER for appellee.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—
Affirming.

Coleman Craft was born February 28, 1924. His mother died shortly thereafter. At the November term, 1924, of the Boyd circuit court, this child was duly and legally adopted by Melvin and Ethel Jackson, and they were given parental control of him. On July 31, 1925, the child was run over and killed by an automobile driven by Nicholas Alexiou. The child's father, David Craft, applied to the Boyd county court and was appointed and duly qualified as the administrator of the estate of the child. In that capacity he negotiated a settlement with appellee, Alexiou, for the latter's liability for his negligence resulting in the death of the child. Afterwards appellant Ethel Jackson, the child's adoptive mother, applied to and convinced the Boyd county court that she rather than the child's father was entitled to be appointed as his personal representative. Thereupon an order was entered setting aside the previous appointment of the child's father as administrator and appointing and qualifying Mrs. Jackson as administratrix of his estate. In that capacity she instituted this action against appellee, Nicholas Alexiou, to recover for his negligence resulting in the death of the child.

Among other defenses he pleaded the settlement made with the father while acting as administrator of the estate of the child as a bar to plaintiff's right to recover. A reply challenged the right of the father, in view of the fact that the child had been adopted by the Jacksons, to qualify as his administrator, and also his right to receive whatever sum appellee, Alexiou, was

liable for in damages. It was pleaded that for these reasons the settlement between appellee, Alexiou, and the father of the child was void and was not a bar to appellant's cause of action. The trial court sustained a demurrer to this reply, and upon appellant's declining to plead further, entered judgment dismissing her petition. Hence, the appeal.

The question presented by the appeal turns on the answer to the question who under the facts is entitled to the recovery by way of damages for the negligent death of the child. If the natural father is entitled to this fund, then unquestionably his appointment as administrator of the child's estate was proper and his settlement with the tort-feasor is conclusive. The right of action for death resulting from negligence is provided for by section 6 of our Statutes. It provides that the action shall be prosecuted by the personal representative of the deceased. It provides, also, that from the amount recovered the funeral expenses, the cost of administration and the costs of recovery, including attorney's fees, shall first be paid, and how the remainder shall be distributed. If the deceased leaves a widow or husband and no children or their descendants, then the whole of it goes to the widow or husband. If the deceased leaves either a widow and children or a husband and children, then one half of the recovery goes to the widow or husband and the other half to the children. If the deceased leaves a child or children but no widow or husband, then the whole of the recovery goes to the child or children. If the deceased leaves no widow, husband, or child then the recovery goes to the mother and father, half to each, if both are living. But if the mother be dead and the father be living, the whole of the recovery goes to the father. The latter state of case is found to exist here. The deceased, whose death was caused by the negligence of another, was a mere child and of course left no children, and its mother was dead. Consequently, unless something else is found that changes this statute the child's surviving father is entitled to the fund. It is expressly provided by section 6 of our Statutes that no part of the recovery shall become a part of the personal estate of the deceased unless he or she die without leaving a surviving husband or wife, child or children, or mother or father.

It is insisted, however, that because this deceased infant had been adopted by and made the heir of Melvin Jackson and his wife, the father, David Craft, lost his

rights under section 6 of the statute, supra, and they were substituted for him as parents and succeeded to such rights. Section 2072, Kentucky Statutes, Baldwin's 1926 Supplement, prescribes how and to what extent adoptive parents may inherit from an adopted child in these words:

> "If after the adoption of any child under the provisions of this act, said child shall die intestate, any property owned by such child so adopted at the time of the death of such child shall pass under the intestate laws of this state in the same manner as if such child were the natural child of those who adopted it, except such property, if any, which it may have inherited from its blood relations."

This and the section of our Statutes preceding it contain all of our law with reference to the adoption of children and the respective rights and liabilities of the parties growing out of that relation. The primary purpose in adopting children is that adoptive parents may be vested with possession and parental custody and control of the child and that the child may be enabled to inherit from them as a natural child. The right of the child to inherit from its adoptive parents depends altogether upon the law of the place where the adoption takes place; and where the right is prescribed by statute it is controlling. Likewise where the right of adoptive parents to inherit from the adopted child is regulated by statute it is controlling on the question. As reference to our statute on this subject discloses, adoptive parents may not inherit from the adopted child any property which it may have inherited from its blood relations. As the statute is worded, there can be inherited by the adoptive parents only such property as is owned by the child at the time of his death, excluding any such as it may have inherited from its blood relations. The damages which may be recovered for negligence which results in the death of a person, under section 6 of our Statutes, is never owned by the person who was killed. This question was fully discussed in Sturges et al v. Sturges, 126 Ky. 80, 102 S. W. 884, 31 Ky. Law Rep. 537, 12 L. R. A. (N. S.) 1014, and for the reasons there given, in view of the express provisions of section 6, supra, of our Statutes, the amount that may be recovered for the negligent death of an adopted child cannot be said to have been "property owned by such child," within the provisions of section

2072, Kentucky Statutes, Supp. 1926, so as to make it property that may be inherited by adoptive parents. Section 6, supra, gives the right to this fund to the father. Section 2072 does not repeal section 6 either expressly or by implication, because by section 2072 only such property as was owned by an adopted child at the time of his death may be inherited by the adoptive parents.

The same question in principle here presented was presented to the court in Dora Napier's Adm'r, etc., v. W. G. Napier's Adm'r, 210 Ky. 163, 275 S. W. 379. The death of W. G. Napier resulted from the negligence of a railroad company, and judgment for $7,500 had been recovered. His wife, Dora Cash Napier, survived him. Her right to the amount recovered as damages for the negligent death of her husband was denied upon the ground that she had voluntarily left him and lived in adultery with another man. It was sought in that case to vary the provisions of section 6 of our Statutes by the provisions of section 2133, Kentucky Statutes. The latter section provides that if the wife voluntarily leaves her husband and lives in adultery with another she shall forfeit all right and interest in and to the property and estate of her husband. The evidence in that case clearly established that the wife had voluntarily abandoned her husband and lived in adultery with another man and that she and her husband never thereafter became reconciled or lived together as husband and wife. With reference to the controversy there presented, it was said:

> "It is well settled that a recovery under section 6 of the Kentucky Statutes goes directly to the persons named therein and that the fund is not a part of the husband's estate. He had no interest in it while he lived and his estate took no interest in it at his death. O'Malley's Adm'r. v. McLean, 113 Ky., 1 (67 S. W. 11, 23 Ky. Law Rep. 2258); City of Louisville v. Hart's Adm'r, 143 Ky. 171 (136 S. W. 212, 35 L. R. A. (N. S.) 207); Archer v. Bowling, 166 Ky. 139, 179 S. W. 15; Harris v. Rex Coal Co., 177 Ky. 630 (197 S. W. 1075); Dishon v. Dishon, 187 Ky. 497 (219 S. W. 794, 13 A. L. R. 625); Robinson v. Robinson, 188 Ky. 49 (220 S. W. 1074). The fund in question not being the property of the husband and not being in any sense his estate, section 2133 has no application and the rights of the plaintiff are controlled by section 6, Kentucky Statutes. The parties had not been divorced. Though she had sinned

grievously she was his widow and the court is not at liberty to write into the statute an exception it does not contain. The only function of the court is to construe the words of the statute, and, where the words are plain, to enforce the statute as it is written. If a remedy is needed the Legislature must supply it."

The principles there announced appear to be conclusive of the controversy here presented. The recovery under section 6 goes directly to the persons named therein and is no part of the estate of deceased. Adoptive parents may inherit from their adopted child only such property as the adopted child owned at death. The recovery under section 6 not being that character of property, never having been owned by the deceased child, is not susceptible of being inherited from it by its adoptive parents, but goes directly to those named in section 6 as the beneficiaries of the recovery.

Power v. Hafley, 85 Ky. 671, 4 S. W. 683, 9 Ky. Law Rep. 369; Atchison v. Atchison, 89 Ky. 488, 12 S. W. 942, 11 Ky. Law Rep. 705; Lanferman v. Vanzile, 150 Ky. 751, 150 S. W. 1008, Ann. Cas. 1914D, 563; and Russell v. Russell, 14 Ky. Law Rep. 236, do not announce any doctrines in conflict herewith. Those cases all deal with the statutory regulation of inheritance by an adopted child from the adoptive parents. That question is fully cared for by section 2071, Kentucky Statutes, which provides that the judgment of the court making the adoption effective may declare the child adopted to be the heir of the one adopting him and capable of inheriting from him as a natural child.

Neither is there conflict between the principles here announced and those announced in Commonwealth v. Kirk, 212 Ky. 646, 279 S. W. 1091, 44 A. L. R. 816. There it was held that the word "parent," as used in section 331i1, Kentucky Statutes, which reads, "The parent of any child . . . who shall leave, desert or abandon said child . . . shall be guilty," etc., included adoptive parents. The patent purpose of that statute was to require those whose duty it is to do so to care for and support infant children. Where, under section 2072, the adoptive parents are given "parental" control, they are by express terms of the statutes placed under the same "responsibilities" as to the child adopted as if he were their natural child. Hence, the word "parent" in the statute, supra, is broad enough to take in parents by

adoption. The words "father" and "mother" used in section 6 of our Statutes are not so comprehensive. They unquestionably were intended to refer to the natural father and mother of a person. That such is the case is made all the more manifest by the quoted portion of section 2072 which enables adoptive parents to inherit from adopted children only such estate, exclusive of any that may have been inherited by them from blood relations, as may be owned by them at the time of their death.

In view of the foregoing conclusions, the court is led to the further conclusion that the county court of Boyd county properly permitted the father of this deceased infant, named by section 6 of our Statutes as the beneficiary of the recovery that may be had for the negligence resulting in his death, to qualify as his personal representative in order that he might proceed with the action allowed, and that the settlement made by him while acting in that capacity, he not only having rightfully been appointed as the personal representative of the deceased, but being also the beneficiary of the recovery, is conclusive and is a bar to the right of appellant to prosecute this action against appellee, Alexiou, for the same negligence. The trial court properly sustained the demurrer to the reply of appellant and dismissed the petition.

The judgment will therefore be affirmed.

Judge Willis not sitting.