Emmerke's Adm'r v. Denunzio et al. (two cases).

September 27, 1946.

Robert Hubbard for appellant.

Lloyd W. Gates for appellees.

OPINION OF THE COURT BY JUDGE SIMS—Affirming in first case, reversing in second case.

Cora Lee Emmerke was injured in an accident by the Louisville Railway Company on February 8, 1945, and the following day she employed appellees, E. Paul Denunzio and Harold L. Stucker, to prosecute her claim for personal injuries. These attorneys entered into a contract with her by which she agreed to pay them a fee equal to 40% of whatever sum was obtained by compromise, or 50% in the event it was necessary to file suit. On February 28, 1945, appellees were discharged by Mrs. Emmerke, who died on March 21, 1945, as a result of her injuries. The next day after her death Stanley Briel was appointed to administer her estate on motion of Alvey Emmerke, her only child and sole heir at law.

The administrator employed Robert Hubbard, an

attorney, to represent him in recovering against the Company for the wrongful death of Mrs. Emmerke. Without filing suit, Mr. Hubbard settled the claim on April 2, 1945, for $3000, which was paid to the administrator. A few days thereafter appellees sued the administrator upon the contract they had with the decedent and sought to recover 40% of the amount paid him in the settlement. Subsequently, they amended their petition and sought a recovery on quantum meruit, averring that the settlement was brought about through their services which consisted of a full investigation of the case and interviews with witnesses.

The answer of the administrator averred that the settlement he made was for the wrongful death of Mrs. Emmerke and that the contract appellees had with her to recover damages for personal injuries expired with her death and that he had not employed appellees to represent him; that his settlement of the claim for her wrongful death barred any recovery for personal injuries, and under KRS 411.130 the sum he received in settlement is not subject to the claim of appellees or to that of any other creditor of his decedent.

A trial resulted in a verdict for appellees for $350 upon which judgment was entered. Motion for a new trial was overruled and time was given to prepare a bill of exceptions but none was filed. The administrator moved this court to grant him an appeal, which is denied for reason that in the absence of a bill of exceptions the only question before us is whether or not the pleadings support the judgment (Rose v. Knox County Fiscal Court, 279 Ky. 611, 131 S. W. 2d 498); and here the amended petition averred that Mrs. Emmerke's estate is indebted to appellees in the sum of $600 as the value of the services rendered her.

After judgment was entered in the common law action the administrator instituted against appellees an action under sec. 639a—1 et seq. of the Civil Code of Practice, wherein he sought a declaration of the rights of the parties and asked the court to determine whether or not the $3000 he received in settlement of the claim for Mrs. Emmerke's death could be subjected to the satisfaction of appellees' judgment. The trial judge was of the opinion that no actual controversy existed between

the parties and that the declaratory action was but a collateral attack on the original judgment and dismissed it. The administrator has moved us to grant him an appeal from that judgment.

When the decedent is survived by a spouse, child or parent, the recovery for her death does not become part of her estate and is not subject to the payment of her debts. Section 241 Ky. Constitution; KRS 411.130; O'Malley's Adm'r v. McLean, 113 Ky. 1, 67 S. W. 11; Napier's Adm'r v. Napier's Adm'r, 210 Ky. 163, 275 S. W. 379; Vaughn's Adm'r v. Louisville & N. R. Co., 297 Ky. 309, 179 S. W. 2d 441, 445, 152 A. L. R. 1060.

The trial judge was in error in holding that no controversy existed between the administrator and the appellees since the pleadings show that Mrs. Emmerke at the time of her death possessed no property of any character and it was appellees' purpose to subject to the satisfaction of their judgment the amount the administrator received in compensation for her wrongful death.

Nor did the declaratory action collaterally attack the common law judgment when it asked the court to determine whether or not the latter could be collected from the sum the administrator received in compromise of the claim for the wrongful death of his decedent. The declaratory action does not affect the common law judgment which stands unimpaired and can be collected out of any funds which may come into the hands of the administrator, except those received from the railway company for Mrs. Emmerke's wrongful death.

It appears to us that the declaratory judgment action was properly brought and instead of dismissing it the trial court should have adjudged that the fund collected by the administrator for the wrongful death of Mrs. Emmerke could not be subjected under KRS 411.-130 to the satisfaction of the common law judgment.

The motion for an appeal is denied in the common law action and that judgment is affirmed, but the motion is granted in the declaratory action and the latter judgment is reversed with directions that one be entered in lieu thereof in conformity with this opinion.