Wasley S. WASLEY, Administrator of the Estate of Robert Lee Brinson, deceased, Plaintiff,

v.

Kenneth Edward BROWN and Olin Mathieson Chemical Corporation, Defendants.

Civ. A. No. 3116.

United States District Court
E. D. Virginia,
Norfolk Division.

April 13, 1961.

Stanley E. Sacks, Norfolk, Va., for plaintiff.

E. L. Ryan, Jr., Norfolk, Va., for defendants.

Edward L. Oast, Jr., Norfolk, Va., guardian ad litem.

WALTER E. HOFFMAN, District Judge.

This case is before the Court for approval of a settlement of an action for wrongful death under the Virginia statute. The question for determination may be stated as follows:

When a child is lawfully adopted by an order entered by the State of Colorado, does his natural sibling lose the right to participate in an award for his death under the Virginia Death Act?

Robert Lee Brinson, the deceased, was formerly Robert Lee Sears. He was legally adopted by the Brinsons, pursuant to an order of a Colorado court. The Brinsons also had two other children, Crystal Brinson and Karen L. Brinson.

The natural mother of the deceased child was a Mrs. Sears. She remarried and became Mrs. Wasley, the wife of the plaintiff-administrator. In due time arrangements were made for Robert Lee Brinson to return to his natural mother, Mrs. Wasley, and the child moved back to Portsmouth, Virginia, where he was residing with his natural mother and Mr. Wasley at the time of the fatal accident which resulted in his death. In fact, there had been some discussion be-

tween the Brinsons and Wasleys that Robert was to be adopted by the Wasleys, but no legal action had been taken to accomplish this purpose.

The deceased child, Robert, had a natural brother, David Henry Sears, who was living at the time of Robert's death.

The parties are in accord with the view that neither Mrs. Wasley, the natural mother, nor her husband, can legally participate in any award arrived at as the result of a settlement of the death action. Clearly the adopting parents are eligible to receive the award under § 8–639 of the Code of Virginia, 1950, which provides that, in the absence of spouse, children or grandchildren, the distribution shall be to the parents, brothers and sisters of the deceased. The Brinsons' other two children appear to be in the eligible class. The question remains as to the status of David Henry Sears, who was, prior to Robert's adoption, a natural brother.

 Somewhat reluctantly the Court finds, under the Virginia law, that David Henry Sears was not the "brother" of Robert at the time of Robert's death. It is clear that the law of Virginia is controlling as this was the place of Robert's domicile at the time of the death. Withrow v. Edwards, 181 Va. 344, 25 S.E.2d 343. The legal effect of adoption is set forth in § 63–357 of the Code of Virginia, the pertinent portion of which reads:

"The natural parents, and the parents by previous adoption, if any * * * shall, by such final order of adoption, be divested of all legal rights and obligations in respect to the child, and the child shall be free from all legal obligations of obedience and maintenance in respect to them. Any child adopted under the provisions of this chapter shall * * * be, *to all intents and purposes*, the child of the person or persons so adopting him * * *."

While it is true that the foregoing statute is applicable to a child "adopted under the provisions of this chapter"—and in this case Robert was adopted under Colo-

rado law—yet the intent of the legislature seems clear that any adopted child is "to all intents and purposes the child of the person or persons so adopting him."

 In 1954, Virginia amended § 63–358 by deleting the portion thereof which permitted the adopted child to inherit from both the adoptive and natural parents. The separation was, therefore, made more complete. The statute further provides:

"If an adopted child shall die intestate, without issue surviving him, his property shall pass, according to the statutes of descent and distribution, to those persons who would have taken had the decedent been the natural child of the adopting parents."

While not unmindful of the fact that these statutes relate to descents and distribution, the Withrow case, which was a wrongful death action, stands for the proposition that the law of inheritance is applicable to the wrongful death statute.

Perhaps even more persuasive is the case of McFadden v. McNorton, 193 Va. 455, 69 S.E.2d 445, which is essentially the converse of the present situation. The question arose as to whether an adopted child could inherit from the sister of the adopting father, as against the claim of the husband of the deceased who contended that he was the sole heir at law. In holding that the adopted child was the sole heir at law, subject to the husband's right of curtesy, the Court disposed of certain pertinent contentions advanced by the husband: (1) the rights of the adopted child are to be controlled by the law in force at the death of the person from whom the inheritance is claimed, and not as to the date of the adoption, (2) adopting parents can make an heir for their kindred as well as themselves, (3) no vested right arises until the death of a person from whom one seeks to take. If we are to analyze the McFadden case, and the intent of the Virginia law, it seems reasonably clear that when Robert was adopted, he was.

no longer legally the brother of David Henry Sears.

The very recent case of Merson v. Wood, 202 Va. 485, 117 S.E.2d 661, 662, is not in conflict with the ruling herein as that case turns upon the intent of the testatrix who devised a "gift over" following the death of her son "if he dies without heirs." The testatrix died many years before the son adopted a daughter —in fact, even years prior to the birth of the daughter. The son adopted an adult daughter for the express purpose of permitting her to inherit the property. This decision does not contravene the statute of descent and distribution as applicable to the laws of intestacy. It was determined solely upon the intent of the testatrix.

A Kentucky decision, Jackson's Adm'x v. Alexiou, 223 Ky. 95, 3 S.W.2d 177, 56 A.L.R. 1345, holds that the natural parents, and not the adoptive parents, are entitled to the recovery in the wrongful death action involving the infant child. The Kentucky statute is not unlike Virginia's § 63–358, although there are some minor differences which may tend to distinguish the case from the Withrow decision. The Kentucky court did, however, refuse to hold that the wrongful death award was personalty of the decedent. Moreover, the Virginia decisions and the other pertinent statutes, including § 63–357, manifestly point to a separation of rights effective upon the entry of the final order of adoption.

It would serve no useful purpose to include Crystal Brinson or Karen L. Brinson in any portion of the recovery. Under the authority conferred by the statutes of Virginia, these children are excluded. For the reasons stated herein, David Henry Sears cannot legally participate. The same is true with respect to Mr. and Mrs. Wasley. The entire award, after deducting reasonable attorney's fees and costs, including a fee to the guardian ad litem for the infant children, will be equally divided between the Brinsons as the adoptive parents.

While the guardian ad litem has concurred generally in the conclusion reached as to David Henry Sears, he is at liberty, should he be so advised, to appeal from the final order to be entered, in which event the proceeds of the settlement will be paid to the Clerk of this Court pending final distribution.