Jim NICKELL, Rowan County Judge/Executive, Rowan County Fiscal Court, Jim Nickell, Glen Williams, Don Litton, Bridges Johnson and Herman Mabry, Individually, Appellants,

v.

Roger THOMAS, Appellee.

Court of Appeals of Kentucky.

Feb. 10, 1984.

Discretionary Review Denied by Supreme Court April 11, 1984.

Harvey T. Pennington, County Atty., Morehead, for appellants.

Buddy R. Salyer, Morehead, for appellee.

Before CLAYTON, DUNN and HOWARD, JJ.

HOWARD, Judge.

This is an appeal from a judgment of the circuit court which held that in K.R.S. 441.009 the words "... the compensation of the jailer in the calendar year of 1981 ..." refer to the total statutory fees received by the jailer's office and not to that amount which the jailer received as his personal compensation for that year.

The appellee, Roger Thomas, is the duly elected, qualified and serving jailer of Rowan County, Kentucky, having assumed that office on January 1, 1982, and previous to the present term of office, had served the previous four-year-term as Rowan County jailer. During 1981, the plaintiff received official fees in his position as jailer in the amount of $48,376.50. Out of those fees, and according to appellee's W–2 form for 1981, the jailer paid himself a salary of $18,007.00, the balance of the statutory fees having been used for the expenses of that office.

In June, 1982, the Rowan Fiscal Court, as a part of its fiscal 1982–1983 jail operating budget, set a budget amount of $24,000.00 from which the jailer's salary was to be paid. However, the fiscal court did not set the actual salary at that time. Later, on December 28, 1982, the fiscal court voted to set the jailer's salary at $20,000.00; however, on February 3, 1983, after learning that the state audit showed the jailer's 1981 compensation was actually $19,043.00, instead of $18,007.00 as previously reported, the fiscal court set the jailer's salary at $20,738.00 ($19,043.00 plus 8.9%) to reflect the required 8.9% cost of living increase, and since that date the jailer has been receiving a monthly salary based upon that annual amount. After stipulated facts and memoranda of law were filed, the trial court entered an order holding that the appellee's "compensation" for 1981, pursuant to K.R.S. 441.009, included his salary and fees in 1981, for a total of $48,376.50. The court awarded the appellee $28,387.00

in salary. Appellants bring this appeal, contending that the appellee's salary, under K.R.S. 441.009, is only $20,738.00. We reverse.

Prior to 1982, the various county jailers in the state of Kentucky operated their offices under a "fee system," under which the jailer paid for the expenses of operating his jail from statutory fees which his office received. The basic expenses which the jailers paid from their statutory fees included food, supplies, salaries of deputies and the salary of the jailer himself.

In 1982, a new statutory system was enacted whereby basic jail operating expenses were to be budgeted for and paid by the fiscal court. The fiscal court was also responsible to set the annual salary for the jailer and pay it to him on a monthly basis from its county jail operating budget.

At the heart of this appeal is the interpretation of K.R.S. 441.009, which set forth the guidelines which the fiscal courts were required to follow in calculating the jailer's salary. The applicable portion of K.R.S. 441.009 reads:

(1) The jailer shall receive a monthly salary from the county jail operating budget.

(2) In recognition of the increased duties and responsibilities of the office of jailer, jailers holding office on July 1, 1982, shall be entitled to a level of compensation in the year 1982 which shall be equal to the compensation of jailer in calendar year 1981 as adjusted for the change in the consumer price index during calendar year 1981 or $12,000, whichever is greater. The fiscal court may establish a higher level of compensation for the jailer, provided, however, that in no event shall the jailer's compensation exceed the maximum compensation allowable for county officials under KRS 64.527.

Appellants contend that the language of K.R.S. 441.009 and the legislative intent behind its enactment direct that the various fiscal courts refer to the jailer's personal compensation which that officer paid himself in 1981, in order to establish the jailer's 1982 compensation. Appellee argues that, regardless of whether the term "compensation" refers to the total fees received in 1981 or to that amount he paid himself, he should receive that maximum salary allowed by law in 1982 if his total fees in 1981 would have supported the maximum personal compensation in 1981. In other words, the appellee contends he could have paid himself the maximum allowed *before* paying the other expenses of the jail in 1981, and this amount is the "compensation" envisioned by K.R.S. 441.009. We believe the language of the statute clearly supports the argument of the appellants.

Generally, statutes must be narrowly construed when the clear meaning of the language is apparent. The function of the court is limited to a reasonable interpretation of the legislative language. *Smith v. Magruder*, Ky.App., 566 S.W.2d 430 (1978). To draw from the Court's opinion in *Robert v. Hickman County Fiscal Court*, Ky., 481 S.W.2d 279 (1972), K.R.S. 441.009 is written in "simple, ordinary language that does not lend itself to an excursion into the 'will-o'-the-wisp' of legislative intent." We do not believe that this statute operates to place upon a fiscal court the duty to discern what a jailer could have paid himself as opposed to what he actually received in 1981 in order to adjust a cost of living increase upon a 1982 salary. The legislature could have placed the appropriate language in the statute had it intended this effect.

Therefore, we conclude that K.R.S. 441.009 permits a jailer to receive from fiscal court as his 1982 salary that amount of personal compensation he received or paid himself in 1981 plus the adjusted change in the cost of living, under the limit provided in K.R.S. 64.527.

For the foregoing reasons, the judgment of the circuit court is reversed.

All concur.