**Dawn Michelle RHODES, Appellant,**

v.

**Jeanne Marie RHODES, Individually and as Administratrix of the Estate of Arthur Ray Rhodes, and April Menda Rhodes, Appellees.**

No. 87–CA–2029–MR.

Court of Appeals of Kentucky.

Nov. 11, 1988.

Discretionary Review Denied by Supreme Court March 8, 1989.

Elise Givhan Spainhour, Shepherdsville, for Dawn Michelle Rhodes.

B. Mark Mulloy, Louisville, for appellee Jeanne Marie Rhodes.

April Menda Rhodes, Shepherdsville, pro se.

Before CLAYTON and WEST, JJ., and DUNN, Special Judge.

DUNN, Special Judge.

This is an appeal from a judgment in a declaration of rights action in which the Bullitt Circuit Court held that the specific recovery distribution language of Kentucky's wrongful death statute was controlling over waiver language by a surviving widow contained in a property settlement agreement filed in a pending dissolution action of the parties' marriage pending at the time of a deceased husband's wrongful death.

The issue on appeal is whether the property settlement waiver agreement, absent a final divorce decree, would bar recovery by the surviving spouse of part of the proceeds of the wrongful death action. We affirm.

Appellant Dawn Michelle Rhodes is a surviving daughter of Arthur Rhodes, deceased, the subject of a KRS 411.130 wrongful death medical malpractice action by appellee Jeanne Marie Rhodes, Arthur's surviving widow, individually and as administratrix of his estate. At Arthur's death an action for dissolution of their marriage was pending in the trial court. The trial court permitted it to be revived[1] for the sole purpose of consolidating it with Jeanne Marie's KRS 418.040 declaratory rights action filed upon settlement of the wrongful death action to solve the issue before us.

---

1. It had been dismissed because of Arthur's death before a decree of dissolution was entered.

■ The right to recover damages for negligent wrongful death is found in § 241, Kentucky Constitution, which in pertinent part also states:

... The general assembly may provide how the recovery shall go and to whom belong; ....

It did so by providing in KRS 411.130(2)(b):

(b) If the deceased leaves a widow and children or a husband and children, then one-half (½) to the widow or husband and the other one-half (½) to the children of the deceased....

The property settlement agreement in question provides in pertinent part:

This agreement constitutes a full and final property settlement between the parties and neither shall have any claim against the other for maintenance or otherwise.

Daughter Dawn maintains that by agreeing to this provision, Jeanne Marie waived any wrongful death recovery she might be entitled to under KRS 411.130(2)(b). We disagree for two reasons.

■ First, the amount recovered under the statute does not inure to the decedent or his estate. It is for and goes directly to the kindred of the deceased in the order in the statute. *See Emmerke's Adm'r v. Denunzio*, 302 Ky. 832, 196 S.W.2d 599 (1946); *Napier's Adm'r v. Napier's Adm'r*, 210 Ky. 163, 275 S.W. 379 (1925). Consequently, the widow's seeming waiver in the separation agreement of any additional claim against the decedent has no effect upon the wrongful death proceeds recovered because neither the decedent nor his estate ever had, or even now have, an interest in the proceeds.

The court in *Napier's Adm'r., supra,* was faced with an issue similar to ours. The husband was killed by a train while his wife was living in adultery with another as she had done continuously for a number of years. Section 2133, Kentucky Statutes in effect at the time, provided a wife who lived in adultery forfeited all her interests and rights in the property and estate of her spouse. Section 6, Kentucky Statutes, the predecessor wrongful death statute to KRS

411.130, provided the same distribution of recovery proceeds as today's KRS 411.-130(2)(b). The *Napier* court, in rejecting the argument that the wife's adultery barred her recovery under the statute, stated at page 380:

It is well settled that a recovery under section 6 of the Kentucky Statutes goes directly to the persons named therein, and that the fund is not a part of the husband's estate. He had no interest in it while he lived, and his estate took no interest in it at his death. (Citations omitted.) The fund in question not being the property of the husband, and not being in any sense his estate, section 2133 has no application; and the rights of the plaintiff are controlled by section 6, Kentucky Statute.

There is no Kentucky citation to this effect that directly addresses our issue of a recovery disposition where there was a separation agreement waiver. However, *Luis v. Cavin*, 88 Cal.App.2d 107, 198 P.2d 563 (1948), does so. That California court in holding that a waiver by a wife in a property settlement agreement of right to support and alimony and of right to inherit, did not preclude her from recovering pecuniary loss by the unlawful death of her husband before an interlocutory divorce decree became final. That court reasoned that the damages when recovered do not become a part of the decedent's estate and are not distributed to the heirs from the estate.

Second, though Jeanne Marie was still his wife at the time of his death, in all likelihood, if Arthur had lived just a while longer, his and Jeanne Marie's marriage would have been dissolved. However, his death intervened and the statute makes no exception for a different distribution eliminating a widow or a widower from the distribution scheme if a marriage dissolution action is pending at the time of the deceased spouse's death.

■ When the meaning of statutory language is apparent, the court must narrowly construe it. *Nickell v. Thomas*, Ky. App., 665 S.W.2d 927 (1984). If there are no exceptions made by the legislature to positive terms of a statute, it is presumed it

intended to make none. *Bailey v. Reeves,* Ky., 662 S.W.2d 832 (1984).

The statutory language concerning distribution of recovery proceeds for wrongful death of a husband with a surviving widow and children is crystal clear. The widow receives one-half and the children one-half without exceptions. The appellee Jeanne Marie is the deceased Arthur's widow, and as such is entitled to a one-half share of the recovery proceeds of the action for his wrongful death.

The Judgment of the Bullitt Circuit Court is AFFIRMED.

All concur.