## Eden vs. Lexington & Frankfort Railroad Company.

### ERROR TO FAYETTE CIRCUIT.

1. For a civil injury amounting to a felony no redress could be given by the common law, until the offense had been inquired into and a conviction of the accused or a judgment of acquittal—though this rule has not been strictly observed in Kentucky. See *Pr. Dec.* 203. But where life has been taken the civil injury is regarded as merged in the felony. *Baker v. Bolton,* 1 *Campbell,* ⁎

2. The cause of action for an injury to the person dies with the person; though a husband may maintain a civil action for an injury to the wife, so far as medical service and funeral expenses were incurred, or a parent for a child up to its death, but not for the loss of life. 3 *Comstock,* 493; 1 *Cush.* 475; *Carey and wife v. Berkshire R. R. Co.; Skinner v. Housatanic R. R. Co.*

October 7.

Case stated.

Judge SIMPSON delivered the opinion of the court.

The only question, and it is an important one, that arises in this case is, whether the husband, whose wife has been killed on a railroad by a collision, produced by the carelessness and misconduct of the agents who were managing and directing the running of the locomotive and cars at the time, can maintain an action against the company for the injury sustained by him in consequence of the death of his wife.

The facts alleged to sustain the action are, that the wife of the plaintiff, who was riding in a carriage, in passing over the railroad, on a public highway with which it was intersected, was killed instantly by the locomotive and cars running against the carriage; that the collision resulted from the carelessness and negligence of the defendant's agents who were conducting the train at the time, and from the failure of the defendants themselves to use, or to require their agents to use, in approaching the intersection of the roads at that point, such precautionary measures as prudence dictated, and such as were essentially necessary to the safety of those persons who might be traveling on this public highway.

The circuit court having decided, upon a demurrer filed by the defendant, that the action could not be

maintained, the plaintiff has prosecuted a writ of error to reverse the judgment of that court.

Two grounds have been assumed in argument in support of the judgment: 1. That the killing, if it occurred in the manner alleged by the plaintiff, was in law a felony, and it is a rule of the common law, that before the party injured by any felonious act can seek civil redress for it, the matter should be heard and disposed of before the proper criminal tribunal, which has not been done in the present case. 2. According to the well settled doctrine of the common law, the loss of human life cannot be complained of as a civil injury. That such an action can only be maintained where it is expressly authorized by a statute, and as we have no statute on the subject, the plaintiff's right to the action must be denied, as it has to be determined by common law principles.

1. At common law, a party injured by an act which is felonious, cannot seek civil redress for it until the matter has been investigated and disposed of before the appropriate tribunal. The avowed object of the rule is to prevent the criminal justice of the country from being defeated, and consequently, after a verdict and judgment either of acquittal or conviction, this rule, which is founded upon the general policy of the law, has no further operation.

The existence of this rule has not been recognized in this state. In the case of *Williams v. Hedricks, Printed Decisions*, 203, it was expressly repudiated as having been based on a mistaken policy, and the court held that reason and justice alike dictate, that for every civil injury compensation should be made; and that when a person committed a criminal offense he was not only liable to a prosecution for the public wrong, but also to an action for the civil injury. This rule has also been changed by express legislation. By the Revised Statutes it is enacted, (chapter 28, section 4,) that " the commission of a felony shall not stay or merge any civil remedy of the party aggrieved against the felon." This statutory provision, it is true, does

*Margin note right column:*

Eden
vs.
L. & F. Railroad Company.

1. For a civil injury amounting to a felony no redress could be given by the common law, until the offense had been inquired into and a conviction of the accused or a judgment of acquittal—tho' this rule has not been strictly observed in Kentucky. See *Pr. Dec.* 203. But where life has been taken the civil injury is regarded as merged in the felony. *Baker v. Bolton*, 1 *Campbell*, 493.

EDEN
vs.
L. & F. RAIL
ROAD COMPANY.

not have any effect upon the decision of the questions arising in this case, because the suit was commenced before the Revised Statutes took effect; but we regard this enactment as merely declaratory of the law as it had been settled and expounded by this court, and not as changing an existing rule of law, which the legislature deemed it proper to alter.

2. But according to the principles of the common law injuries affecting life cannot, in general, be the subject of a civil action. In other inferior felonies the civil remedy is merely suspended until after the conviction or acquittal of the supposed felon; but for injuries to life, the civil remedy is considered as being entirely merged in the public offense. This was said to be the established common law doctrine in the case of *Baker v. Bolton*, 1 *Campbell*, 493. There the husband and wife were riding on the top of the stage which overset, and the wife was so injured that she died; the action was brought by the husband for loss of society, &c., and Lord Ellenborough held that there could be no recovery for distress of feeling and loss of society, &c., except from the moment of the injury to the wife up to the time of her death.

2. The cause of action for an injury to the person dies with the person; tho' a husband may maintain a civil action for an injury to the wife, so far as medical service and funeral expenses was incurred, or a parent for a child up to their death, but not for the loss of life. 3 *Comstock*, 489; 1 *Cush.* 475; *Carey and wife v. Berkshire Railroad Co.; Skinner v. Housatanic Railroad Co.*

The cause of action for injuries to the person dies with the person injured, and it follows as a necessary consequence, that the cause of action having itself abated no separate action can be maintained for such damages, as are exclusively consequential. But for aggravated injuries to the person of the wife or child the husband or parent has an independent and separate cause of action for the loss of the society of the wife, or the services of the child, as the case may be. This cause of action does not abate by the subsequent death of the wife or child, but the death of either affects the extent of the recovery, as by that event, all further claim to the society of the one, or the services of the other, ceases and determines. And the rule still prevails, although the death that produces this effect results from the same injury, which gives rise to the action. The reason of this seems to be, that all

injuries affecting life, caused by the misconduct of another person, involve the commission of a public wrong, which merges the remedy for all private loss, arising after death has occurred, and occasioned by it. Consequently the death of the person injured has precisely the same effect on the civil remedy, whether it results from the injury inflicted or from natural causes. In either case the estimate of damages stops at the moment of death.

It was decided in New York that where a child has been killed by the willful or negligent conduct of a third party, the parent has a right to recover not only for the lost services of the child, but also for the expenses attending the sickness of the wife, produced by the shock which the death occasioned to her feelings. (20 *Wend.*, 210.) But in a later case, it has been decided, in the same state, that such third party is only liable to the amount of the medical charges, and the funeral expenses of the child. (3 *Comst.*, 489.) A similar decision has been given in Massachusetts. (1 *Cush.*, 475.) And in the latter state it has been held, that an action cannot be maintained by a father to recover damages for the loss of his child, in consequence of the death of the child, occasioned by the carelessness or fault of the agents or servants of a railroad corporation. (*Cary and wife v. Berkshire Railroad Company, and Skinner v. Housatanic Railroad Company.*)

The law on this subject has been lately changed in England by statute, and now in that country, the person who would have been liable, if death had not ensued, is liable to an action for damages, notwithstanding the death of the person injured, and although the death shall have been caused under such circumstances as amount in law to felony. An act has been passed by the legislature of Massachusetts on the same subject, and also, we believe, by the states of New Hampshire and Connecticut. In this state the common law doctrine has not been altered.

The injury complained of in this case, is the loss of the society of the wife, and of her assistance in the management of the husband's domestic affairs. According to the existing law there can be no recovery for this injury, inasmuch as the death of the wife was instantaneous, and it is only for the loss that is sustained by the husband in this respect, from the moment of the injury up to time of the death of the wife, for which any recovery can be had.

Wherefore, the judgment is affirmed.

SHY and BECK for plaintiffs; BUCKNER and DUDLEY for defendants.