## Dishon's Administrator v. T. E. Dishon's Administrator.

(Decided March 19, 1920.)

### Appeal from Garrard Circuit Court.

1. Husband and Wife—Tort by Either Spouse—Action.—Section 2128 Kentucky Statutes does not confer upon either spouse the right to sue the other for tort.

2. Death—Action Against Husband for Killing His Wife.—Section 241 of the Constitution and section 6 of the statutes enacted pursuant thereto do not confer upon the personal representative of a wife who was killed by her husband the right to sue the husband or his personal representative for damages for her wrongful death, since by the terms of both sections the wife's estate has no beneficial interest in any sum that might be recovered.

LEWIS L. WALKER, E. P. MORROW and J. I. HAMILTON for appellant.

J. E. ROBINSON and KENDRICK ALCORN for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming.

On August 4, 1918, T. E. Dishon shot and killed his wife, Lillie Conn Dishon, and two days later he died.

This action was instituted by the administrator of the wife against the administrator of the husband seeking to recover of his estate damages for her wrongful death. The trial court sustained defendant's demurrer to the petition and dismissed it, from which judgment the plaintiff appeals.

The only question presented by this appeal is whether or not the administrator of the wife may maintain an action for damages against the estate of the husband who wrongfully caused her death. This is the first time the question has been presented to this court.

Counsel for the plaintiff, admitting that no such right existed at the common law, claim it has been conferred by section 241 of our state Constitution adopted in 1891 and section 6 of the Kentucky Statutes enacted pursuant thereto in 1893. They do not claim the right under section 2128 of the Kentucky Statutes, which is a part of the "married woman's act" adopted March 15, 1914, and which, like similar acts enacted in many other states, confers upon the wife the same right to sue in her own name to enforce her property rights and redress personal wrongs as that enjoyed by her husband with reference to his property and personal rights, but which very clearly was not intended to and does not confer upon either the right to sue the other for tort. Noel v. Fitzpatrick, 124 Ky. 787, 100 S. W. 321; Eberhardt, &c. v. Wahl's Admr., 124 Ky. 223, 98 S. W. 994; Hazen, &c. v. Colossal Cavern Co., 25 Ky. L. R. 502, 76 S. W. 116; Coleman v. Coleman, 142 Ky. 36, 133 S. W. 1003; Niles v. Niles, 143 Ky. 94, 136 S. W. 127; 21 Cyc. 1519; Cooley on Torts, 3rd edition, volume 1, page 474; Kinkead's Com. on Torts, volume 2, page 868; Thompson v. Thompson, 218 U. S. 611; Strom v. Strom (Minn.), 107 N. W. 1047, 6 L. R. A. (N. S.) 191; Peters v. Peters, 42 Iowa 182; Freethy v. Freethy, 42 Barb. 641; Longendyke v. Longendyke, 44 Barb. 367; Bandfield v. Bandfield, 117 Mich. 80, 72 A. S. R. 550. 40 L. R. A. 757; Libby v. Berry, 74 Maine 286; Nickerson v. Nickerson, 65 Tex. 281; Chestnut v. Chestnut, 77 Ill. 350; Schultz v. Christopher, 65 Wash 496, 117 Pac. 629, 38 L. R. A. (N. S.) 780; Rogers v. Rogers (Mo.), 177 S. W. 384; Peters v. Peters, 156 Cal. 32, 23 L. R. A. (N. S.) 699; Keister's Admr. v. Keister (Va.), 96 S. E. 315; 1 A. L. R. 439.

Yet counsel for the defendant assume that this section is the source, if any exists, of plaintiff's right to maintain the action and prove quite conclusively by the almost unanimous authority of many courts of last resort and text writers, which we have cited above, that this section of our statutes does not confer the right of one spouse to sue the other for tort. Having proven so much they conclude that if the wife could not have sued the husband for an assault and battery her personal representative cannot possibly sue him or his personal representative for damages for her death resulting from an assault and battery committed by him.

This argument, as convincing as it is that the right does not exist under the common law as modified by this section alone, is wholly unavailing if, as is claimed, the right has been conferred by another section of the statutes enacted pursuant to a constitutional provision. Section 6 of the statutes and section 241 of the Constitution, insofar as they may be considered as creating causes of action that had never existed theretofore under our law, are in almost identical terms, so we need only quote the constitutional provision, which is as follows:

"Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death, from the corporations and persons so causing the same. Until otherwise provided by law, the action to recover such damages shall in all such cases be prosecuted by the personal representative of the deceased person. The general assembly may provide how the recovery shall go and to whom belong; and until such provision is made the same shall form part of the personal estate of the deceased person."

It will be noticed that there are in reality three subdivisions of this section, the first providing that damages may be recovered in every case "whenever the death of a person shall result from injury inflicted by negligence or wrongful act." The second and third subdivisions of the section prescribe respectively by whom and for whose benefit the suit shall be instituted, but only until the legislature shall regulate these two matters which are of prime importance in construing the section since it must be construed as a whole.

The language of the first portion of the section is general and certainly broad enough to indicate that in

every imaginable case, even the peculiar one we have here, damages may be recovered from the wrongdoer for a wrongful or negligent death. We may assume then for the present at least that this portion of the section, if standing alone, would authorize an action against a husband for the death of his wife, but we must look to the second and third portions of the section to find out who can bring the action and for whose benefit.

The second portion of the section, as does the statute, names the personal representative as the proper person to bring the action, but not for his own benefit or that of his attorney or the court officials who would be entitled to costs in such litigation. Such, of course, was not the intention or purpose of section 241 of the Constitution or section 6 of the statutes, as is plainly indicated by their very terms.

The third portion of the section of the Constitution therefore really becomes the important part thereof upon this inquiry since there can never be an action in court except by or for someone who is beneficially interested in the subject matter of the controversy. Except until the legislature should act the Constitution did not decide this important question at all, but conferred upon the legislature full power to "provide how the recovery shall go and to whom belong." This the legislature, in section 6 of the statutes, has done by providing that the whole recovery, except attorneys' fees and costs, shall go to the surviving husband or wife if there are no children. O'Malley's Admr. v. McLean, &c., 113 Ky. 1. In this case the petition discloses the fact that Mrs. Dishon left no children, and therefore under the letter of section 241 of the Constitution and section 6 of the statutes an action is provided, if applicable under such circumstances as we have here, by which the administrator of the wife can sue the husband or his estate not for the benefit of the plaintiff but for the benefit of the defendant. That is, the wrongdoer is both the defendant and the real plaintiff, the net result of which would be, of course, that the real parties are not beneficially interested and the only persons who could be benefited by the action would be the attorneys and other court officials to the extent of the fees to which they might be entitled for services rendered.

Does not this unavoidably and necessarily render the whole proceeding a moot case? Certainly the time and

processes of the court are employed only in determining an abstract question of law and fact in which the parties to the action have no beneficial interest. Surely no one would suggest the possibility that the framers of the Constitution or the members of the legislature had any such purpose in view when they gave their time and attention to the preparation and adoption of these sections; and we cannot give to them any such effect.

So despite the comprehensive language in which the abstract right of action for negligent or wrongful death is established by both the Constitution and the statute, its concrete application is necessarily limited to real controversies between parties adversely interested. Hence the right is not conferred upon the personal representative of the decedent to sue the wrongdoer for the latter's benefit.

It is insisted, however, by counsel for plaintiff that the question of the disposition of any recovery that might be obtained in this action is not here, and it is intimated that when, in a suit to settle the estate of plaintiff's intestate, that question arises, her collateral kin may contest the right of the husband's estate to receive the proceeds of the recovery upon the ground that it is against the public policy of the state to permit one to benefit by his own wrong.

The legislature, however, has plenary power to declare the public policy of the state except insofar as it is defined by the Constitution, and under express constitutional authority so to do, has provided that the husband in the absence of children shall be the beneficiary of any recovery for the wrongful death of his wife. The terms so providing are as broad as those which provide that a recovery may be had. If we can not limit the plain, unambiguous terms by which the right to sue is created, neither can we limit the equally plain and unambiguous terms by which the public policy of the state as to who shall be the beneficiary of the suit is declared. We must take both as we find them and the fact that the public policy as declared destroys the right of action as conferred insofar as this particular plaintiff and this character of action are concerned, does not confer upon us the power to declare that the right exists in the absence of a person entitled under the law to exercise same and to confer that right upon someone else.

Eversole v. Eversole, 169 Ky. 793. Hence the question is here because upon its decision depends plaintiff's right to maintain the action.

The amended petition offered by plaintiff which attempted merely to sue two others with the husband, alleged to have conspired with and aided him in killing the wife, was properly rejected for the very same reasons that the demurrer was sustained to the original petition. In the one case, as in the other, plaintiff as administrator of the wife had no beneficial interest in the litigation, but was attempting to sue defendant for his sole benefit. There was no real plaintiff in either state of case. The estate of the wife, for which alone her representative could act, had no interest whatever in any possible recovery.

Wherefore the judgment is affirmed.