## Pierce et al. v. Pierce et al.

November 12, 1948.

As modified January 28, 1949.

L. C. Lawrence and Ralph Hurt for appellants.

Charlie Montgomery and Morris Montgomery for appellees.

Opinion of the Court by Judge Thomas—Affirming modified judgment.

This petition in equity was filed in the Russell circuit court by William Pierce, an unmarried infant Ina Pierce, his guardian, against William S. Pierce and wife seeking specific performance of a written contract by defendants whereby they contracted to convey to the plaintiff a tract of land in Russell County. Defendant, William S. Pierce, obtained the title to the tract of land as the only living heir of his son, Walter Pierce. The facts are that William S. Pierce is the father of Walter Pierce; the mother of Walter is dead, but his father, the defendant and appellee here, had married a second wife, Ethel. Walter died intestate leaving his widow and one child, the appellant, William Pierce. The latter killed his father, Walter. He was indicted and tried for the homicide and was convicted of voluntary manslaughter with an attached punishment of five years' confinement in the penitentiary.

Under the provisions of KRS 381.280 William Pierce by having killed his father forfeited his right to inherit his father's property which resulted in the same situation as if he had never been born. Under the provisions of KRS 391.010 the appellee William S. Pierce became the next heir having the right of succession or inheriting the property of his son, Walter. After Walter's death and after the guardian of the infant was appointed, the contract sought to be enforced herein, of Wm. S. Pierce, he grandfather, to sell his inherited land to his grandson, William Pierce, was executed.

The answer of defendant admitted the execution of the contract but resisted its enforcement because "at the time of the execution of the contract referred to in plaintiff's petition, that he was an old man, aged and infirm; that he was uneducated and unschooled; that he was lacking in business experience and knowledge of property rights; that he was not represented by counsel; that plaintiffs were represented by counsel who prepared said contract; that the property rights of defendant in and to said lands described in plaintiffs' petition and the terms and provisions and legal effect of said contract were not fully and completely explained to defendant and were not fully and completely understood by him. * * * He says that his act of knowledge and information as to his rights in said land as the sole heir at law of said Walter Pierce at the time of the execution of said contract constituted and now constitutes a mistake of law such as renders said contract of no effect, and that he was totally uninformed and lacking in knowledge of the legal effect of said KRS 381.280."

He then alleged that he was fraudulently induced to execute the contract by plaintiffs and their attorneys. He finally alleged in the last paragraph of his answer that the section of our statute supra by which his grandson forfeited his right to *inherit* from his father was founded in public policy, which is no doubt true, and to which we agree, but defendant sought to extend the defeating effect of that statute to deny the right of the one who would otherwise under the law inherit the title to ever after acquire the title to the property and because of which the agreement of appellee to convey the tract of land to the infant was likewise against public policy. He then prayed for a cancellation or rescission of the contract. He filed an amended answer in which he alleged that the land he obtained as heir to his deceased son, Walter, was worth $3,000 and the value of the personal property so inherited amounted to as much as $1,000, or $4,000 in all, and that he received only $95 as a consideration for the execution of the contract sought to be enforced. With that amended answer he tendered into court the consideration he had received, but plaintiffs declined to accept it and filed a general demurrer to the answer as amended which the court overruled,

followed by judgment dismissing the petition upon plaintiffs declining to plead further, and from that judgment plaintiffs prosecute this appeal.

We are aware of the general rule that the evidence authorizing the cancellation or recision of a written contract must be clear and convincing, but that rule applies only to the quantum of proof or evidence necessary to obtain such relief. We are here concerned only with the averments of the pleading (defendant's answer) and we have no doubt but that the defense pleaded by him, if supported by the evidence required by the rule supra in such cases, defendant was entitled to a recision of his contract, and the court properly overruled the demurrer to the answer, except as to the defense that KRS 381.280 forever barred the convict of acquiring the title to the property he would have inherited but for his crime. The demurrer to that part of the answer should have been sustained. The court will modify its judgment in that respect.

Wherefore, the judgment when so modified is affirmed.