# Bays et al. v. Cox' Admr.

March 7, 1950.

Rehearing denied June 6, 1950.

Donald L. Wood, Judge.

Woodward, Hobson & Fulton, O. R. Bright, B. S. Grannis and C. Guthrie Yager, for appellants.

Lloyd A. MacDonald and M. J. Hennessey, for appellee.

JUDGE HELM—Reversing.

Appellee, R. H. Hayes, personal representative of Nola Cox, at a trial was awarded a verdict of $4,000

against appellant Henry R. Cox, and $8,000 against appellant Kenneth Bays, because of the death of Nola Cox caused by a collision of automobiles driven by appellants on State Highway No. 158 in Fleming County, Kentucky, on November 27, 1947.

Appellants appeal from a judgment entered on that verdict, assigning as errors: (1) The court erred in overruling motion for a directed verdict; (2) the court erred in giving Instructions Nos. 6 and 8, and each of them, and in refusing to give the instructions offered by appellants; (3) the court erred in disregarding and giving no effect to Paragraph 2 of appellants' answers, the truth of which was shown by uncontradicted testimony, and in entering judgment for the amount of $4,000 against appellant Cox, and $8,000 against appellant Bays; and (5) the judgment is not supported by the pleadings and the evidence.

On November 27, 1947, about 5 p. m., appellant Henry L. Cox, accompanied by his wife, Nola Cox, appellee's decedent, and Earl Caskey, was driving his automobile in a westerly direction on State Highway No. 158, toward Hillsboro. Appellant Bays, accompanied by W. E. Crutcher, was traveling in an easterly direction, toward Sharkey, on the same highway. In a collision between these automobiles, appellee's decedent, Nola Cox, was killed and several others were injured. The highway at the place of the accident was traffic bound gravel, about 25 feet wide. At the time there were well-worn car tracks on this road.

For Cox it is stated that he was on his right side of the road; that he had passed a curve to the right, and after straightening out his car on the straight-of-way, looked at his speedometer, saw that he was going 40 miles an hour, and as he looked up saw the car driven by Bays about 50 yards away, coming at him on the wrong side of the road, traveling about 60 miles an hour.

For Bays it was shown that he was traveling about 35 miles an hour on his right side of the road, in the car tracks; that he first saw the Cox car when it was about 150 feet from him, traveling in the car tracks on the wrong side of the road; that he attempted to cut his car to the right. The cars are described as having come

together head-on, in a collision causing the death of Nola Cox and serious injuries to the other passengers in the cars.

On this conflicting evidence the trial court properly submitted the case to the jury.

In appellee's petition it is shown that the decedent, Nola Cox, was a married woman, 42 years of age, with two children at the time of her injury and death. Appellants, each in the second paragraphs of their answers, plead that Henry Cox, at the time of the injury and death of appellee's decedent, Nola Cox, was her husband. It was shown by the testimony of appellant Henry R. Cox and others that he was, at the time of the accident and injury and death of Nola Cox, her husband, and that Nola Cox also left surviving her two children. This evidence was uncontradicted.

Appellant Bays offered an instruction as follows: "If you find for the plaintiff against both defendants, you will determine such sum as will fairly and reasonably compensate her estate for the destruction of her power to earn money; and will then award one-half of such sum in damages against the defendant, Kenneth Bays, and one-fourth of such sum in damages against the defendant, Henry R. Cox." The court refused to give this instruction or any similar instruction. He gave instructions Nos. 6 and 8 as follows:

"No. 6. You may find for the plaintiff against either or both of the defendants. If you find for him against both defendants, you may find for him in separate sums of different amounts against each, or you may find for him against both jointly in a single sum."

"No. 8. If you find for the plaintiff, you should award him such sum in damages as you may believe from the evidence will reasonably and fairly compensate decedent's estate for the destruction of her power to earn money, not exceeding $30,000, the amount claimed in the petition."

Counsel for Cox says he feels sure that exceptions were saved to the court's refusal to give the instructions offered, and to the instructions as given by the court, but the record does not disclose any such exceptions, so that we cannot consider the correctness of the instructions.

Notwithstanding the state of the record, appellants contend that the pleadings and the testimony do not support the judgment entered by the trial court on the verdict of the jury.

Section 241 of our Kentucky Constitution provides: "Whenever the death of a person shall result from an injury inflicted by negligence or wrongful act, then, in every such case, damages may be recovered for such death, from the corporations and persons so causing the same. Until otherwise provided by law, the action to recover such damages shall in all cases be prosecuted by the personal representative of the deceased person. The General Assembly may provide how the recovery shall go and to whom belong; and until such provision is made, the same shall form part of the personal estate of the deceased person."

Pursuant to that section of the Constitution, the Legislature enacted KRS 411.130 as follows:

"(1) Whenever the death of a person results from an injury inflicted by the negligence or wrongful act of another, damages may be recovered for the death from the person who caused it, or whose agent or servant caused it. If the act was willful or the negligence gross, punitive damages may be recovered. The action shall be prosecuted by the personal representative of the deceased.

"(2) The amount recovered, less funeral expenses and the cost of administration and costs of recovery, including attorney fees not included in the recovery from the defendant, shall be for the benefit of and go to the kindred of the deceased in the following order:

\* \* \* \* \* \*

"(b) If the deceased leaves a widow and children or a husband and children, then one-half to the widow or husband and the other one-half to the children of the deceased."

Appellants contend that the judgment must be reversed because appellant Cox "is not entitled to share in any recovery obtained as the result of his own causal negligence."

The record disclosed that the concurring negligence

of Cox and Bays resulted in the death of Nola Cox. In Dishon's Adm'r. v. Dishon's Adm'r, 187 Ky. 497, 219 S. W. 794, 13 A. L. R. 625, a case in which Dishon shot and killed his wife, and two days later he died, it was held that no recovery could be had by the administrator of the wife because she left no children, and any recovery would be for the benefit of the husband or his estate. In Robinson's Adm'r v. Robinson, 188 Ky. 49, 220 S. W. 1074, 1075, a case in which Robinson assaulted and killed his wife, the wife's administrator sued the husband for the wrongful death of the wife. We, after quoting the above sections of the Constitution and the Statutes, said:

" * * * We are therefore clearly of the opinion that these provisions of the Constitution and Statutes were intended to and do confer a right to sue for damages in every case where death results from injury inflicted by negligence or wrongful act, except only where, under the very provisions of these enactments, an action is impossible because the responsible party is also the sole beneficiary of any possible recovery.

> \* \* \* \* \* \*

"Nor can the fact that the defendant is entitled to one-half of the recovery defeat the right of the plaintiff to maintain the action on behalf of his decedent's children, entitled to the other half of any sum that might be recovered. * * *"

In the present case, we are of the opinion that appellant Cox should not be permitted to recover for his own negligence and wrongdoing, and that the trial court erred in awarding judgment for Mrs. Cox's administrator in the sum of $4,000 against appellant Cox, and $8,000 against appellant Bays.

Although we cannot consider the correctness of the instructions, we may examine them to determine the meaning of the verdict. This examination shows that the verdict was for a "full recovery," that is, for the total amount the estate of Nola Cox was damaged by the "destruction of her power to earn money." The children of Nola Cox are entitled to one-half of the difference between the amount of the funeral expenses and costs of administration and $12,000, the amount of the verdict. The trial Judge should have determined the amount of the funeral expenses and adminstrative costs. The trial

court should then have entered judgment for the amount to which the children are entitled, and for the amount of the funeral expenses and administrative costs, these amounts to be assessed against appellants in proportion to the amounts of the verdicts rendered against them. See, Restatement of Torts, Vol. 2, Sec. 493.

The judgment of the trial court is reversed with directions for proceedings and the entry of a judgment in conformity with this opinion.