## Bates v. Wilson et al.

June 13, 1950.

Rehearing Denied October 24, 1950.

James C. Carter, Jr., Judge.

G. D. Milliken, Jr., and Paul Carter for appellant.

Terry L. Hatchett, George J. Ellis, Jr., Frank Jones, Abe P. Carter and Thompson & Walden for appellees.

JUDGE HELM—Affirming.

This is a companion case to Wilson v. Bates, 313 Ky. 231, S. W. 2d 39. The facts stated in that case will not be repeated here.

From the separate record filed in this case on this appeal it appears that the pleadings are as outlined in the other case until we reach the "petition to be made a party, answer, counter-claim, and cross-petition" of the appellee, Barbara Jo Bates, by her guardian, Vernell B. Bates. From that pleading it appears that Barbara Jo Bates is an infant four years of age, the only child of Robert J. Bates and a granddaughter of Dr. J. C. Bates and Ethel P. Bates, whom Robert J. Bates shot and killed.

Her pleading alleges that appellant, John C. Bates, and her father were the only children of her grandparents, Dr. J. C. Bates and Ethel P. Bates. Her father, Robert J. Bates, was convicted of their murder and is now serving life sentences. She pleads that her grandparents were the owners of the property referred to in the companion case; that the felonious acts of killing his parents prevented Robert J. Bates from receiving any part of his parents' estate; that he had no interest in their property which he could mortgage or in any way incumber; that the estate of her grandparents descended a one-half undivided interest to appellant, John C. Bates, the other one-half undivided interest to her.

The trial court overruled appellant's demurrer to

appellee's petition to be made a party defendant, answer, counter-claim and cross-petition. Appellant having declined to plead further, the court adjudged that an undivided one-half of the estates' of Dr. J. C. Bates and Ethel P. Bates descended to and is the property of Barbara Jo Bates. Appellant appeals.

Appellant says the only issue raised on this appeal may be stated as follows:

"Robert J. Bates having been convicted of the murder of his parents and having thereby forfeited his right to inherit from them, to whom does this interest descend under KRS 381.280? Does it descend to John C. Bates, the other son and only heir-at-law of the decedents, or to the daughter of the murderer?"

In a written opinion the trial court said:

"* * * the question now presented to the court is: To whom does the interest in the estates which would have been inherited by Robert had he not been convicted for the murder of his parents, now descend.

*　　*　　*　　*　　*　　*

"In Ohio their statute is, in part, as follows:

"'* * * with respect to inheritance from or participation under the will of the person killed, the person so finally adjudged guilty of murder in the first or second degree shall be considered as though he had preceded in death the person he killed.'

"I cannot believe that it was the intention of the Legislature of Kentucky to deny the right to inherit the estate to an innocent child, even though the child is a daughter of the person who committed the murder. To so hold in this case is to punish a baby who could not have counseled, advised or influenced her father in the commission of his crime, and takes from her the inheritance to which she is　* * *　entitled.　* * *

*　　*　　*　　*　　*　　*

"There is no plausible reason for giving her father's share of the estates to her uncle, John C. Bates. * * * The further I go into this matter, the more thoroughly I become convinced that the Legislature intended that 'any person found guilty of murder should,

not inherit, either by will or otherwise, from the person killed, but should be considered as though he had preceded in death the person whom he killed.' "

In the companion case we held that Robert J. Bates, by the acts of killing his parents, forfeited his right to inherit from either of them. The acts of killing took place immediately before his parents died. By these murderous acts Robert J. Bates forfeited all right to inherit or receive property from his parents. He forfeited these rights before their deaths. For the purposes of inheritance, or taking under a will, Robert J. Bates is to be considered as though he had preceded in death his parents whom he killed. That being true, under our statutes of descent and distribution, KRS 391.010 and 391.030, one-half of the estates of Dr. J. C. Bates and Ethel P. Bates descended to appellant John C. Bates, and one-half to appellee Barbara Jo Bates, except the amount of $250 devised by the will of Dr. J. C. Bates of August 4, 1945 to his son, appellant John C. Bates, about which there is no question here. We believe the trial court reached the correct conclusion.

The judgment is affirmed.