**COWAN et al.  v.  PLEASANT et al.**

Court of Appeals of Kentucky.

Nov. 20, 1953.

As Extended on Denial of Rehearing
Jan. 29, 1954.

Faust Y. Simpson, Morganfield, for appellants.

Tom D. Harris, Harris, Drury & Wathen, Morganfield, for appellees.

CAMMACK, Justice.

L. P. Pleasant and his wife, Elva Pleasant, were conveyed real estate by deed for their joint lives, with the remainder in fee simple to the survivor. They held the property under a tenancy by the entirety. Hoffmann v. Newell, 249 Ky. 270, 60 S.W. 2d 607, 89 A.L.R. 489. In 1952, Pleasant killed his wife and immediately committed suicide. A 14 year old son survived the couple. Mr. Pleasant had one child by a previous marriage and Mrs. Pleasant had three children by a previous marriage. Each group of heirs claimed the property. The chancellor held, and we think correctly, for reasons hereinafter expressed, that one-half of the property went to the heirs of the husband and one-half to the heirs of the wife.

The couple's son said that his father was a habitual drinker and had frequently threatened to kill his mother. He said also that his father had been drinking on the day of the tragedy, and that, after all of them had gone to sleep, he was awakened by a shot. As he went to the room of his parents he heard another shot. When he entered the room his mother was lying on the bed, gasping, with a bullet hole over her left eye. His father was slumped over against the wall, with his feet on the bed. The barrel of a rifle was under his chin and he had a bullet hole in his head. His father was gasping and struggling, but never regained consciousness. The boy said he was "pretty sure" that his mother

did not breathe any more after he heard her first gasp.

In 1916, this Court held in the case of Eversole v. Eversole, 169 Ky. 793, 185 S.W. 487, L.R.A.1916E, 593, that a wife, who had been convicted of voluntary manslaughter for killing her husband, was entitled to her statutory share of his estate. In 1940, the Legislature passed an Act providing for the forfeiture of right to property by one killing the decedent. KRS 381.280 follows:

"If the husband, wife, heir-at-law, beneficiary under a will, joint tenant with the right of survivorship or the beneficiary under any insurance policy takes the life of the decedent and is convicted therefor of a felony, the person so convicted forfeits all interest in and to the property of the decedent, including any interest he would receive as surviving joint tenant, and the property interest so forfeited descends to the decedent's other heirs-at-law, unless otherwise disposed of by the decedent."

■ The appellants, heirs of the wife, contend that this statute is not applicable because it requires a conviction of the wrongdoer before forfeiture operates. They point out that the wrongdoer prevented operation of the statute by committing a second wrongful act, namely, the taking of his own life. On the other hand, the appellees, heirs of the husband, rely upon the statute. They contend that the husband survived his wife, and, since there was no conviction for his wrongful act (if it was wrongful), the statute could not apply. They stress also language in the Eversole case, which emphasizes the conclusiveness of a declaration of public policy by the Legislature, within constitutional limits. The tenor of the Eversole opinion is that statutes pertaining to the inheritance of property must be followed strictly. It was said also in that case that, cases, involving the rights of a beneficiary who murdered the insured for the purpose of obtaining the proceeds of a policy on the latter's life, were not in point, because the wrongful act of a beneficiary was a fraud upon

a contract right. The case under consideration is more akin to the category of cases involving contractual rights, because of the manner of acquisition of the property, than it is to those involving inheritance questions. The surviving tenant in a tenancy by entirety does not inherit from his co-tenant. As said in the case of Hoffmann v. Newell, a conveyance to a husband and wife as tenants by the entirety creates one indivisible estate in them both, and in the survivor, which neither can destroy by any separate act. It follows that the Eversole case is not controlling here.

We had occasion to consider KRS 381.280 in the cases of Wilson v. Bates, 313 Ky. 333, 231 S.W.2d 39, and Bates v. Wilson, 313 Ky. 572, 232 S.W.2d 837. In the latter case we were confronted with the rights of a four year old girl, whose father had murdered his mother and father and had been convicted for the crimes. We quoted with approval the views of the chancellor, holding that the wrongdoer should be considered as though he had preceded his parents in death. We approved also his views that he did not believe the Legislature, by the enactment of KRS 381.280, intended to deny the right of an innocent child to inherit an estate, even though she was the child of one who had committed murder. Our holding was that the child of the wrongdoer could inherit from her grandparents just as she would have done had her father predeceased his mother and father. Thus the application of the statute was limited to the one who committed the wrongful act.

■ It is axiomatic that a wrongdoer should not be permitted to profit from his wrongful act. In our case there was no opportunity for the wrongdoer himself to profit from his wrongful act. His second wrongful act, that of taking his own life, made it impossible to invoke the statute, KRS 381.280. We still adhere to the views expressed in the Bates v. Wilson case, to the effect that the Legislature did not intend by the enactment of KRS 381.280 to punish or work a hardship upon a child whose parent had committed a wrongful act. We think the same reasoning is ap-

plicable to the case under consideration. This, in effect, would put the husband's children in the same position he occupied, except that they cannot assert any rights of survivorship, just as he could not have done.

Some of the difficulties confronting courts when one of the tenants by entirety murders the other tenant are discussed in Bogert, Trusts and Trustees, Vol. 3, part 1, section 478, "Joint Tenancy and Tenancy by the Entirety," page 56. Bogert points out that some courts have divided the fee and have permitted the wrongdoing spouse to retain one-half, as if a divorce had occurred. The case of Barnett v. Couey, 224 Mo.App. 913, 27 S.W.2d 757, 761, is cited in support of that statement. This is the only case we have been able to find supporting our conclusion that the chancellor properly disposed of the case. The precise question was not raised in the Missouri case, however, because against the claim of the heirs of the wrongdoer (who murdered his wife and committed suicide) the heirs of the wife asserted a claim to only one-half of the property. The Missouri Court pointed out that the husband's merely outliving the wife did not satisfy the conditions imposed by the common law relative to estates by entirety so that the survivor may take all. The Court then said:

> "* * * One must not only be a survivor *in fact* but also a survivor *in contemplation of law*. Indispensable is the prerequisite that the decease must be in the ordinary course of events and subject only to the vicissitudes of life. The killer can assert no right of complete ownership as survivor. And no exception is made in favor of his heirs and representatives. Defendant's claim to all, as administrator of the deceased husband, is without legal basis as it is predicated upon the same producing cause—the murder of the cotenant."

The Missouri Court said also:

> "* * * Under the peculiar circumstances here present, neither dives-

titure of interest nor survivorship exists in contemplation of law, as to either. The fund should go just as provided where there is a common calamity and both tenants die simultaneously."

The facts in the case before us demonstrate clearly the logic of the reasoning of the Missouri Court. Certainly, neither of the Pleasants survived the other in contemplation of law. But, assuming that the husband did survive the wife, we have pointed out already that no right of survivorship could be asserted for him, or by his heirs. The husband's heirs, however, are entitled to his one-half of the property, just as would have occurred in the event the marital relation had been severed.

The cases of Barnes v. Cooper, 204 Ark. 118, 161 S.W.2d 8, and Beddingfield v. Estill & Newman, 118 Tenn. 39, 100 S.W. 108, 9 L.R.A., N.S., 640, support the contention of the appellees that all the property should go to the heirs of the husband. Van Alstyne v. Tuffy, 103 Misc. 455, 169 N.Y.S. 173, supports the contention of the appellants on the theory that legal title to the property did not pass to the wrongdoer. Several jurisdictions hold that title passes to the wrongdoer, but that equity will treat him as a constructive trustee of title because of the unconscionable mode of its acquisition and compel him to convey it to the heirs of the one he murdered. Bryant v. Bryant, 193 N.C. 372, 137 S.E. 188, 51 A.L.R. 1100; In re King's Estate (Lore v. Habermaker), 261 Wis. 266, 52 N.W.2d 885. See also Neiman v. Hurff, 11 N.J. 55, 93 A.2d 345; Colton v. Wade, Del.Ch., 80 A.2d 923; Restatement of the Law, Restitution, vol. 12, c. 11, sections 187, 188; Vesey v. Vesey, 237 Minn. 295, 54 N.W.2d 385, 32 A.L.R.2d 1090.

No useful purpose would be served by attempting to reconcile our conclusion in this case with, or to distinguish it from, the finely spun legalistic theories expressed in the opinions of the courts holding that the heirs of either the wrongdoer, or those of the one murdered, take all of the property when it is held under a tenancy by the entirety.

Judgment affirmed.