**B. E. MOORE, Appellant,**

v.

**The CITIZENS BANK OF PIKEVILLE, Administrator of the Estate of Essie Carrie Moore, Deceased, Appellee.**

Court of Appeals of Kentucky.

Nov. 10, 1967.

Fred B. Redwine, J. Ervin Sanders, Sanders & Redwine, Pikeville, for appellant.

Hobart Clay Johnson, Stratton & Johnson, Pikeville, for appellee.

MONTGOMERY, Judge.

B. E. Moore appeals from a judgment in favor of the Citizens Bank of Pikeville as the administrator of the estate of Essie Carrie Moore, deceased, in the sum of $20,000 for her wrongful death. The decedent was the wife of the appellant at her death. Appellant contends that he would be the sole beneficiary of any recovery and, therefore, such an action cannot be maintained against him. A related question is whether under KRS 381.280 it is necessary for a husband to be convicted of the murder of his wife in order to bar the action for wrongful death under KRS 411.130.

Essie Carrie Moore died of a wound, or wounds, inflicted under circumstances from which the jury was justified in believing that B. E. Moore had wrongfully caused her death. The sufficiency of the evidence is not in question. No testimony was offered by appellant. Insanity and self-defense had been pleaded as defenses.

Appellant argues that under KRS 411.130 he is the sole beneficiary of the estate of the decedent. They had no children. Appellee alleged that the deceased was survived by her father and mother. Appellant relies on Dishon's Adm'r v. Dishon's Adm'r, 187 Ky. 497, 219 S.W. 794, 13 A.L.R. 625, and Hale v. Hale, 312 Ky. 867, 230 S.W.2d 610. He further contends that until he is convicted of a felony for such killing he has not forfeited his right to inherit from her and, therefore, it is pointless to permit any action against him when he would be entitled to the recovery.

At common law no action would lie to recover damages for the wrongful death of a person. Eden v. Lexington & Frankfort Railroad Company, 53 Ky. (14 B. Mon.) 204. Lord Campbell's Act, 9 and 10, Vict., Chapter 93, enacted in 1846, was the first to authorize such a recovery. One of the first of such statutes was adopted in this state in 1851. Revised Statutes, Chapter 31, Section 1. It provided for a recovery in favor of a widow and minor child.

of a person killed in a duel and against "the surviving principal, the seconds, and all others aiding or promoting the duel." In addition to reparation for the injury, provision was made for the giving of "vindictive damages" "for the suppression of the practice of dueling." The statute has been broadened into its present form, KRS 411.130, and has constitutional basis. Kentucky Constitution Section 241.

The application of the the statutory and constitutional provision is fully discussed by Clarke, J., in the Dishon case. See also Jordan's Adm'r v. Cincinnati, N.O. & T.P. Ry. Co., 89 Ky. 40, 11 S.W. 1013. The same factual situation prevailed in Dishon as here. There is no material difference between KRS 411.130 and Carroll's Kentucky Statutes, Section 6, which was construed in Dishon. It was there held that under Kentucky Constitution Section 241 and its statutory counterpart an administrator of a childless wife wrongfully killed by her husband cannot recover damages from the husband for the wrongful death since there could be no real plaintiff, the husband being, in effect, both plaintiff and defendant. It was pointed out that under the statute the husband as the beneficiary was the real party in interest and that the wrongdoer was both the defendant and the real plaintiff.

In Robinson's Adm'r v. Robinson, 188 Ky. 49, 220 S.W. 1074, Clarke, J., writing again said:

"It was evidently the purpose of this section of the Constitution to provide for a recovery in every case where death resulted from negligence or wrongful act, and the only reason for such a provision in the Constitution is found in the fact that theretofore, under the common law as amended by statutes in this state, there were still some conditions under which a recovery could not be had for such a death."

This was another action against a husband for wrongfully killing his wife.

In Bays v. Cox' Adm'r, 312 Ky. 827, 229 S.W.2d 737, the right of the wife's administrator to sue the husband for negligently killing her was upheld. Dishon and Robinson were cited with approval. In Bays and Robinson, it was held that the children of the deceased were entitled to one-half of a "full recovery." In Bays, the following language of Robinson was quoted with approval:

"'Nor can the fact that the defendant is entitled to one-half of the recovery defeat the right of the plaintiff to maintain the action on behalf of his decedent's children, entitled to the other half of any sum that might be recovered. * * *'"

See also Hale v. Hale, 312 Ky. 867, 230 S.W.2d 610, and McCallum v. Harris, Ky., 379 S.W.2d 438.

The construction heretofore made of the statute and constitutional provision precludes any recovery for the ultimate benefit of the husband in an action by the personal representative of a childless wife against her husband for her wrongful death.

■ Appellant contends that KRS 381.-280 does not work a forfeiture of the husband's right to a recovery since appellant has not been convicted of a felony. Appellee contends that the perpetrator by his act forfeits any right to inherit from the deceased wife, citing Wilson v. Bates, 313 Ky. 333, 231 S.W.2d 39, and Bates v. Wilson, 313 Ky. 572, 232 S.W.2d 837. Neither argument is pertinent here; nor is KRS 381.280. This statute creates a forfeiture of a right to inherit property by one who is convicted of a felony for killing the decedent and expressly provides that "the property interest so forfeited descends to the decedent's other heirs-at-law," etc. Pierce v. Pierce, 309 Ky. 77, 216 S.W.2d 408; Cowan v. Pleasant, Ky., 263 S.W.2d 494. KRS 381.280 deals specifically with property rights.

The forfeiture under KRS 381.280 is in the nature of a statutory exception to the statute of descent and distribution. In Ryburn v. First National Bank of Mayfield, Ky., 399 S.W.2d 313, it was held that before anyone claiming as an heir can take under the statute of descent and distribution which is embodied in KRS 411.130, they would have to show that the decedent died without children and without a husband.

KRS 411.130 creates a cause of action for wrongful death. This is a statutory right of action which did not exist prior to the wrongful death but arises by reason thereof. It has been pointed out that the wrongful death action is not derivative. It is brought to compensate survivors for loss occasioned by the death and not to recover for injuries to the decedent. The cause is distinct from any that the deceased may have had if he had survived. The damage caused by the wrongful death begins with, and flows from, the death. 22 Am.Jur.2d, Death, Section 13, Page 617. The persons entitled to benefits under KRS 411.130 are to be determined at the time of death of the person wrongfully killed. Sharp's Adm'r v. Sharp's Adm'r, Ky., 284 S.W.2d 673. The recovery is not made available to the decedent's creditors except under KRS 411.130 (2) (e). Emmerke's Adm'r v. Denunzio, 302 Ky. 832, 196 S.W.2d 599. The recovery is not for the benefit of the estate, but is for the next of kin as determined under the statute. Vaughn's Adm'r v. Louisville & N. R. Co., 297 Ky. 309, 179 S.W.2d 441, 152 A.L.R. 1060; Square Deal Cartage Co. v. Smith's Adm'r, 307 Ky. 135, 210 S.W.2d 340. KRS 381.-280 has no application in an action for wrongful death under KRS 411.130.

 Appellee argues that Dishon was overruled by Brown v. Gosser, Ky., 262 S.W.2d 480, 43 A.L.R.2d 626, which upheld the right of a wife to sue her husband for tort under the Married Woman's Act, KRS 404.020. Reference was made in that opinion to the discussion in Dishon concerning the absence at common law of the right of a wife to sue the husband. There is nothing in the Brown case to indicate any intention to overrule Dishon so far as the right to sue for wrongful death is concerned.

 KRS 411.130 (2) indicates that the wife's funeral expenses are payable out of the amount recovered. The recovery of cost of administration including attorney fees was denied in Dishon, to which reference is made for the discussion thereon. The question of recovery for funeral expenses was not specifically discussed. A husband is liable for a wife's funeral expenses. Palmer v. Turner, 241 Ky. 322, 43 S.W.2d 1017; Colovos' Adm'r v. Gouvas, 269 Ky. 752, 108 S.W.2d 820, 113 A.L.R. 871. Therefore, there is no reason to permit recovery of the funeral expenses of a childless wife in a wrongful death action against a husband. This is the reasoning in the Dishon case.

Judgment reversed.

All concur.