Richard W. HEUSER, Appellant,

v.

Lewis COHEN, Administrator of the Estate of Roberta A. Heuser, Deceased and West American Insurance Company, Appellees.

Court of Appeals of Kentucky.

March 26, 1982.

Discretionary Review Denied June 29, 1982.

John B. Southard, Jr., Middletown, for appellant.

Edwin Cohen, Louisville, for appellee, Cohen.

Stephen F. Schuster, Louisville, for appellee, West American Ins. Co.

Before HOWARD, LESTER and WILHOIT, JJ.

LESTER, Judge.

This is an appeal from an order of the Jefferson Circuit Court in a suit to determine the proper party or parties to take the proceeds of a casualty insurance policy. It was ordered that said sum, $22,791.01 plus interest thereon from the date of judgment, be paid to Lewis Cohen, administrator of the estate of Roberta A. Heuser, deceased, by West American Insurance Company.

Appellant Richard Heuser and Roberta Heuser were husband and wife, and tenants by the entirety of certain residential property in Jefferson County. On April 18, 1978, Roberta died of a gunshot wound inflicted by Richard, an act for which appellant was thereafter convicted of first-degree manslaughter and sentenced to a prison term of twenty years. Approximately one month after the killing, the property owned by Richard and Roberta was totally destroyed by fire. The mortgagor of the property, Kentucky Mortgage Company, instituted this cause of action originally against appellant and West American Insurance Company, the casualty insurance carrier. Mr. Heuser filed a third-party complaint against Lewis Cohen, appellee. Both Heuser and Cohen moved the trial court for summary judgments for the remainder of the proceeds of the fire insurance following distribution to the mortgagor. Whereupon, the lower court entered the aforementioned order.

The question to be resolved upon this appeal is whether a tenant by the entirety, who causes the death of the other tenant, is entitled to retain a one-half interest in the property held jointly, in this case the proceeds of an insurance policy. The provision governing forfeitures of property rights in such situations states:

> If the husband, wife, heir at law, beneficiary under a will, joint tenant with the right of survivorship or the beneficiary under any insurance policy takes the life of the decedent and is convicted therefor of a felony, the person so convicted forfeits all interest in and to the property of the decedent, including any interest he would receive as surviving joint tenant, and the property interest so forfeited descends to the decedent's other heirs at law, unless otherwise disposed of by the decedent. KRS 381.280.

There seems to be no disagreement among the parties that the interpretation of this statute controls the issue presented herein.

As previously noted, the Heusers held their property as tenants by the entirety, an estate which is founded upon the legal unity of the husband and wife, which is indivisible in them both as well as in the survivor, but which neither of them can destroy by a separate act. *Hoffman v. Newell*, 249 Ky. 270, 60 S.W.2d 607 (1932). However, ordinary rules of construction regulating the operation of estates by the entirety do not contemplate survivorship arising by the act of one spouse murdering the other. 41 C.J.S. *Husband and Wife* § 34, p. 472. In a case such as this, equitable principles must take precedence.

Some jurisdictions have handled this situation by means of placing a limitation upon the killer's rights in the property via a constructive trust upon that part of the

estate to the extent to which the murderer has enlarged his holdings. *Bradley v. Fox*, 7 Ill.2d 106, 129 N.E.2d 699 (1955). The state of Pennsylvania has a provision in its law, the Slayer's Act, which expressly specifies shares which a slayer would take upon murdering his victim. Other jurisdictions ascribe to the view that a tenant by the entirety who murders his cotenant should not be limited in his property rights despite the crime he commits. *Oleff v. Hodapp*, 2 Ohio Ops. 409, 129 Ohio St. 432, 195 N.E. 838 (1935). A more extensive discussion of the various approaches may be found in 42 A.L.R.3d 1116.

 There is very little interpretation of KRS 381.280. However, those cases which deal with it demonstrate the intent of courts in the Commonwealth to remain evenhanded. Two decisions in particular have been cited to this court. In *Bates v. Wilson*, 313 Ky. 572, 232 S.W.2d 837 (1950), the issue addressed was whether a grandchild might inherit from deceased grandparents an interest in property which its father would have taken had he not forfeited the right to do so by virtue of his having killed them. In reaching an affirmative answer, it was the appellate court's opinion that it was not the legislative intent behind KRS 381.280 to deny an inheritance to an innocent child simply because she was the daughter of the murderer. In *Cowan v. Pleasant*, Ky., 263 S.W.2d 494 (1954), a case with facts very similar to our own, the reviewing court, again, reached an equitable result, giving one-half of the realty held by the husband and wife under a tenancy by the entirety to the husband's heirs and the other half to heirs of the wife. This is what appellant would have this court do in the instant case. *Cowan* did not involve the application of KRS 381.280 because the murderer committed suicide before he could be convicted of his crime as the statute requires. However, the Court of Appeals, in dicta, stated:

... assuming that the husband did survive the wife, we have pointed out already that no right of survivorship could be asserted for him, or by his heirs. The

husband's heirs, however, are entitled to his one-half of the property, just as would have occurred in the event the marital relation had been severed. *Id.* at 496.

In other words, while it is true that the killer or his heirs may not claim all of the property under a right of survivorship, clearly, equity dictates under the circumstances that the property be divided equally between the husband or his heirs and the heirs of the deceased spouse. This result is not in contravention of the forfeiture statute, as the latter merely preempts operation of the right of survivorship in situations such as the case herein.

The order of the circuit court is reversed and the cause remanded to that court for entry of an order allowing one-half of the insurance proceeds to appellant and the other half to appellee Cohen on behalf of the estate of Roberta Heuser.

All concur.